## VERDERY, administrator, *vs.* DOTTERER, trustee.

1. Where a purchaser at a sale for municipal taxes interposed a claim to the levy of another *fi. fa.* on the same property, after showing the ordinances of the city authorizing the assessment, levy and collection of taxes and the issuing of executions against defaulting tax-payers, the tax *fi. fas.* and deed made thereunder could be introduced without laying further foundation therefor.

2. A *fi. fa.* for taxes due the state is a lien on property superior to any other debt, lien or claim whatsoever. Such taxes are not only against the owner, but are against the property also, without reference to judgments, mortgages, sales, transfers or encumbrances. The only concern as to the owner is to know against whom the assessment is to be made; but the tax and the lien therefor is against the property. The purchaser at such a sale acquires a title, subject only to the right of redemption, and is not affected by any pre-existing liens or encumbrances.

(*a*). The levying officer is bound to levy and sell the property in such way and to such extent only as may be necessary to discharge the taxes due and the costs. He may levy on a part of the property or on the whole. If it be encumbered with a mortgage, and, in his judgment, the equity of redemption will meet the tax liability, he may levy and sell the equity of redemption alone ; but if, in his judgment, that will be insufficient, he may levy upon the whole estate regardless of the mortgage, and the purchaser at the sale will get what is sold, whether it be the equity of redemption, or the whole estate, subject, of course, to the right of redemption. 8 *Ga.*, 479 ; 25 *Id.*, 103 ; Code, §812.

3. By the act of December 18, 1847, it was provided that " all tax assessments made under the ordinances of the city council of Augusta shall have the same lien and priority as taxes due the state, except that they shall be postponed to the latter." Hence the same consequences result from a sale for taxes due the city of Augusta as those due the state.

December 19, 1882.

Tax. Liens. Title. Augusta. Before Judge SNEAD. Richmond County. At Chambers. February 18, 1882.

On September 5, 1866, A. D. Picquet gave to S. K. Taliaferro a mortgage (which was duly recorded) on the lot in dispute to secure a note of $2,500, due twenty

years after date, with interest at seven per cent., payable annually, and upon default in payment of interest the mortgagee was to have the right to enter upon the premises, and sell in three weeks. Picquet was the owner of the lot at the date of the mortgage. A rule to foreclose was filed June 23, 1880; rule absolute was obtained May 10, 1881, and *fi. fa.* issued, and was levied May 11, 1881, on the lot, and Dotterer, trustee, interposed his claim.

For city taxes due the city of Augusta for the years 1874, '75, '76, '77 and '78, the lot was levied on, and sold April 1, 1879, as A. D. Picquet's, for $300.00, to W. S. Roberts, to whom the city sheriff made a sheriff's deed, reciting levy advertisement, place and hour of sale, etc. This deed, with tax *fi. fas.* under which the sale was had, was recorded. Roberts, by quit-claim, sold for $378.00 to Dotterer, trustee, March 14, 1881. Title and possession in Picquet was admitted at date of levy of tax *fi. fas.* and sale, also that Verdery was duly appointed administrator, and as such was possessed of the mortgage.

On the trial, plaintiff made out a *prima facie* case, and closed. Defendant introduced the ordinances of the city of Augusta authorizing the assessment, levy and collection of taxes, and the sale of property under tax *fi. fas.* He then offered the sheriff's deed and the tax *fi. fas.* upon which it was founded, to which plaintiff objected until it should be shown that the power to issue said *fi. fas.*, make such entries and execute such deed existed under the law and under the ordinances of the city. The evidence was admitted.

The judge, trying the case by consent, without a jury, rendered judgment for the claimant, and plaintiff excepted.

GANAHL & WRIGHT, for plaintiff in error.

J. S. & W. T. DAVIDSON, for defendant.

Verdery, administrator, *vs.* Dotterer, trustee.

CRAWFORD, Justice.

1. The litigation in this case springs out of a contest between the purchaser of certain real estate in the city of Augusta, under several tax *fi. fas.* issued against the owner for municipal taxes due the city, and a mortgage *fi. fa.* creditor, whose mortgage is of older date than the tax *fi. fas.* The mortgage *fi. fa.* was levied upon the land, and the purchaser at the tax sale interposed a claim.

Upon the trial, the claimant put in evidence the ordinances of the city of Augusta authorizing the assessment, levy and collection of taxes, and the sale of property under tax *fi. fas.* He next offered the sheriff's deed and the tax *fi fas.* on which it was based, to which plaintiff in *fi. fa.* objected until it was first shown that the power to issue said *fi. fas.*, make said entries and execute said deed existed under the law and under the ordinances of the city of Augusta. The objection was overruled, and to this ruling the plaintiff excepted.

We hold that when the claimant showed the ordinances of the city of Augusta authorizing the assessment, levy and collection of taxes, and the authority to issue executions against defaulting tax-payers, the *fi. fas* themselves with the entries thereon, as well as the sheriff's deed were properly admitted.

We think that this testimony fully met the requirements necessary to authorize the introduction of the sheriff's deed and *fi. fas.*, showing the sale of the land for the non-payment of municipal taxes.

2, 3. But the important question to be determined in this case is, did the sale of the land under these tax *fi. fas* divest the lien of the plaintiff's mortgage. There has been no ruling by this court on the naked question, uncomplicated with other and controlling facts.

In the 8th *Ga.*, 479, where land was sold, under an ordinary execution against the owner, in April, and again sold in the following December, under a junior *fi. fa.* for taxes

Verdery, administrator, *vs.* Dotterer, trustee.

against the defendant in the first execution, it was held that the tax title took the land and divested that of the first purchaser.

In the 25th *Ga.*, 103, where there .was a mortgage on real estate for about $1,900.00, made the year before the tax execution issued, and the levy was not upon the equity of redemption, but upon the whole property, the same being two tenements worth $6,000 or $7,000, to satisfy a tax *fi. fa.* for less than $100, it was held that the sale was void, and that the lien of the mortgage was not divested.

Such, of course, must have been the effect of a void sale, and, certainly in such sale, the title to the property stood unaffected thereby, and this without reference to the rights of the mortgage creditor. But in so far as the rights of the mortgage creditor were concerned, it is to be noted that the tax *fi. fa.* in that case was in favor of the city of Atlanta, whose charter provided that tax executions should have a lien upon property only from the date thereof, and the date of the tax *fi. fa.* was subsequent to the date of the mortgage, so that, according to the opinion of Chief Justice Lumpkin, the equity of redemption was all that really was in the mortgagor subject to sale under the city tax *fi. fa.* against him.

The decision, however, does not seem to rest alone upon that ground, but also upon the liability of the mortgagee to pay the tax, under the law as it existed at that time, whenever the same was not paid by the mortgagor. The section of the tax law, so providing, was set out in full in the opinion, and in it occurs this passage : " And in case any person who has mortgaged estate, real or personal, shall neglect or refuse to pay the tax for the same, the mortgagee shall be liable to pay the same." This provision of the law, however, is no longer of force, for in the revision of this section of that act, the codifiers have confined this liability alone to mortgagees holding mortgages made to avoid the payment of taxes. Had it

Verdery, administrator, *vs.* Dotterer, trustee.

simply been omitted from the Code, it might have been held still to be of force, but having revised and changed it, it is the law as it now stands in the Code, §§813, 814.

If, however, the tax *fi. fa.* had been in favor of the state, it would have been superior to any other debt, lien or claim whatsoever, and the whole property would have been subject, if necessary, to the payment of the tax. Code, §812.

Taxes due the state are not only against the owner, but against the property also, and that without reference to judgments, mortgages, sales, transfers or incumbrances of whatsoever nature or effect. The only concern as to an owner at all, is merely to know against whom the assessment is to be made, whilst the tax itself, and the lien therefor is against the property. The state's lien for taxes overrides all others, and follows the property into the hands of whomsoever it may go.

If the property itself is subject, it must pay the taxes for which it is liable, regardless of the interest of any and all persons therein.

Having then this superiority over every other interest and claim, whenever it is sold for the payment of taxes due the state, the purchaser gets a title subject only to the right of redemption, and if not redeemed within the time prescribed by law, it becomes as absolute as a grant from the state could make it. We hold that the levying officer is bound to levy and sell the property in such way and to the extent only that may be necessary to discharge the taxes due and costs. Hence he may levy on a part of the property, or the whole ; and if it be encumbered by a mortgage, and in his judgment the equity of redemption will meet the tax liability against it, then he may levy and sell the equity of redemption alone, but if in his judgment that will be insufficient, then he may levy upon the whole estate regardless of the mortgage, and the purchaser at the sale will get just exactly that which is sold, whether it be the equity of redemption or the whole

estate, subject of course to be redeemed as provided by law.

If the sheriff has power only to sell the equity of redemption, where there is a mortgage of older date than the day on which the tax liability begins, and that mortgage should be for an amount greater than the value of the property, then there would be in reality nothing to sell, and a return of *nulla bona* would necessarily follow. No tax *fi. fa.* could issue against a *bona fiae* mortgagee, for there is no authority of law now to charge him with the payment of the taxes. His mortgage is but a lien, and the title is in the mortgagor. A tax *fi. fa.* can no more issue against a *bona fide* mortgage creditor because of his lien on the property than it could against a judgment creditor because of his lien.

The burden of taxes upon property comes with each succeeding year ; of this important fact all persons must take due notice, and creditors with liens are as fully charged with that notice as are the holders of titles. They stand upon no better basis than owners, and as their rights are in like jeopardy, they are bound to protect them in like manner. If this be not so, all mortgages antedating the day of assessment of property give a prior if not a higher lien, without the authority in the tax collector to . sell except subject thereto. This rule of law would answer very well where the value of the whole estate exceeded the mortgage liability by an amount sufficient to discharge the taxes. But where the mortgage liability was greater than the value of the property, there would be nothing to sell. Indeed such a construction of the law would leave no existing remedy by which taxes could be collected upon property thus heavily mortgaged. The equity of redemption in such cases of course would be valueless.

If we are right, then, that the lien of the mortgage is divested, if the property sold was for taxes due the state and not redeemed, the same result follows as to taxes due

the city of Augusta. By the act of December 18, 1847, it was provided that, "all tax assessments made under the ordinances of the city council of Augusta, shall have the same lien and priority as taxes due the state, except that they shall be postponed to the latter."

And we have seen, as stated above in the case cited from the 8th *Ga.*, 479, that where there was a contest between an absolute *bona fide* purchaser at sheriff's sale, and the purchaser at a tax sale, the latter had the superior title. Whether the taxes be due for one year, as in that case, or for five, as in this, does not and cannot change the governing legal principle. If, therefore, the lien of the judgment creditor, and the title of the purchaser at a fair sale by the sheriff must yield, there can exist no legal reason why the mortgage lien should not likewise.

If it does not, we say, in the language of Justice Nisbet, in the case just cited, "then the state has devised an ingenious piece of statutory mechanism for the purpose of entrapping her citizens."

The lien for taxes exists by public law; the right to sell property for their payment exists by public law; the right of redemption within a specific time exists by public law; that the failure to redeem perfects the title in the purchaser, exists by public law; and all persons failing to protect their rights according to law must abide its judgments when pronounced against them for such failure.

Judgment affirmed.