## CLOWER *vs.* FLEMING.

1. Though there is incompatibility in selling land, at the same time and as one and the same act, under a tax *fi. fa.* and a *fi. fa.* founded on the judgment of a court, yet the sale is not void; the result is to annex to the sale as against both *fi. fas.* the statutory incident of re-demption. The property is redeemable by refunding the whole amount paid by the purchaser, with the statutory premium thereon, but not by refunding a less amount measured by the taxes due, with premium on that much.
2. When land is sold as the property of a tenant for life, both for taxes and by virtue of general *fi. fas.*, the value of the life estate, and not of the fee, is the test of excessive levy. Only the life estate passes by such a mixed sale.
3. If a mere tender upon an offer to redeem will reinstate one in the legal title to land sold for taxes, the tender must be made in due time and manner, and be continuous. Should not the money be brought into court in order to recover in complaint or ejectment?
4. Although the court held to an erroneous theory on the subject of prescription, a new trial is not required, prescription being need-less on the facts and law of the whole case.

July 11, 1888.

Levy and sale. Tax. Executions. Title. Tender. Prescription. New trial. Practice in Supreme Court. Before Judge HUTCHINS. Clarke superior court. November term, 1887.

On January 5, 1885, Kile, as trustee of Mrs. Martha W. Clower, brought complaint for land against Thomas

Fleming. The declaration afterwards was amended, and the case proceeded in the name of Mrs. Clower. The defendant pleaded not guilty and a prescription of seven years under written color of title.

On the trial, the plaintiff introduced the deed under which she claimed title, made in January, 1855, to a trustee for her, covering the property, conveying it in trust for her sole and separate use during her life, and at her death to be conveyed to whomsoever she might appoint, and on failure of appointment to be divided between her children; authorizing the trustee to sell at any time, with her consent, etc. The plaintiff showed that she was in possession of the land, personally or by her agent, up to July, 1877, when it was sold by the sheriff; that it was worth from $2,500 to $3,500, and was susceptible of division into three lots, any one of which would be worth more than what the entire land brought at the sheriff's sale; that Mrs. Clower knew that it was to be sold at sheriff's sale when it was sold; and that her agent made an offer to the defendant (the agent could not state positively when, but thought it was about a year after the sale) to pay him the amount of his bid and ten per cent. premium thereon for the purpose of redeeming the land, but did not offer any money. The plaintiff showed also that, within a year after the sale, her attorneys tendered the defendant $63.47 in money and demanded possession, which defendant refused to deliver, this amount not being as large as defendant paid; and that she wrote letters to defendant, which were handed to him, but he refused to have any communication with her. Much lower estimates of the value of the property were also introduced. Some witnesses valued the life estate of plaintiff at a mere trifle; others swore that the entire property at the time of sale was not worth more than $500 to $1,000, the house being much out of repair.

The defendant introduced the sheriff's deed and one of the *fi. fas.* on which it was founded, the latter being for $15.20 and costs for State and county taxes of Mrs. Clower for 1876, with entry of levy and return as to sale on the back. The deed recited the sale under this *fi. fa.* and three justice court executions in favor of the Bank of the State of Georgia *vs.* W. W. Clower, and the consideration as $550 ; and on the back was an entry by the sheriff as to the amount mentioned in it and in his hands. This entry mentioned seven *fi. fas.*, among them the tax *fi. fa.* and justice court *fi. fas.* already mentioned, and two *fi. fas.* for city taxes for 1886 and 1887, and one cost *fi. fa.*

In addition to the *fi. fa.* stated in his deed, the defendant was allowed to introduce, on the question of excessive levy, five of these *fi. fas.* They showed entries of satisfaction out of the money paid by the defendant at the sheriff's sale, and amounted to several hundred dollars. It was admitted that defendant went into possession in July, 1877, under the sheriff's deed, and had been in possession ever since. He swore that neither Mrs. Clower nor her agent ever tendered him the amount of his bid, with ten per cent. premium, in money ; that he could not state positively whether any tender was made in a letter ; but that no money ever was tendered by anybody, except the tender of the attorneys above mentioned. The tax digest of the county showed that Mrs. Clower had given in the land at $1,500.

The jury found for the defendant. The plaintiff moved for a new trial on the following grounds :

(1)–(2) Because the verdict was contrary to law and evidence.

(3) Because the court admitted the sheriff's deed, showing on its face that the sale had taken place under levy of the tax *fi. fa.* and justice court *fi. fas.*

(4) Because the court charged that, although the plaintiff had the privilege of redeeming her property within one year after the sheriff's sale, by paying the purchaser the amount of his bid with ten per cent. premium from the date of purchase to the time of payment, the tender made by her attorneys of $63.47, the amount of tax *fi. fas.* and ten per cent. premium, was not a legal or sufficient tender, under §898 of the code, that sum not being the full amount of the bid.

(5) Because the court charged that, in order to entitle the plaintiff to avail herself of the right to redeem her property, she must have produced evidence to the satisfaction of the jury that she had either actually paid the defendant the full amount of his bid at the sheriff's sale, with ten per cent. premium thereon, or made such a tender of that amount as is set forth in §2874 of the code; and that a mere effort to pay such amount is not a legal tender, but the offer must have been continuous and must have been made by the former owner or her agent, and not by another on his own motion.

(6) Because the court charged that, if the jury were satisfied from the evidence, as insisted by plaintiff, that the title of defendant originated in fraud, they must go further and see from the evidence when plaintiff first discovered the fraud of the defendant; and if they should be satisfied from the evidence that the fraudulent conduct of defendant was known to plaintiff for a period of seven years prior to the filing of the declaration in the suit, plaintiff could not recover in this action, as prescription commenced running in favor of defendant from the time of the discovery of the fraud by plaintiff.

The motion was overruled, and plaintiff excepted.

George S. Thomas and A. J. Cobb, for plaintiff.

BARROW & THOMAS, by brief, for defendant.

BLECKLEY, Chief Justice.

1. Real estate when sold under a tax *fi. fa.* being redeemable, and when sold under a judgment being irredeemable, there is such incompatibility in these incidents that they cannot combine and both follow from a single sale made by one and the same act, though sufficient authority for making a sale of either class be in the officer's hands. An attempt to execute both powers together, or at once, must result in one of three ways; it must pass no title, or pass title subject to redemption, or pass title not subject to redemption; in other words, the sale must be a nullity, or good as a tax sale, or good as a judgment sale. To pronounce a sale void because the officer possessed and exercised more power than he needed for making a valid sale of either class, would be a very unsatisfactory solution, for it would be to defeat the purchaser, not for defect but for excess of authority in the officer. To combine two forces and apply both where either would have been sufficient could not, it seems to us, result in rest rather than in motion, in legal mechanics any more than in physical. The title moved out of Mrs. Clower, the defendant in these *fi. fas.*, into Fleming, the purchaser. But what sort of title, absolute or conditional? Subject to redemption of the property, or not so subject? The tax *fi. fa.* was the higher in dignity; it had priority over the other, was a first lien on the proceeds of sale, and would have taken them all had all of them been needful to satisfy it. As it dominated the proceeds, so, we think, it dominated and gave character to the sale. Moreover, when a sale is involuntary, made not by the will of the owner but by legal force under process of law, if it is ambiguous, can be put into either one of two

classes but not into both, it ought to be classified favorably, not unfavorably, to the owner ; as a sale on terms, rather than one absolute and without terms; as a sale attended with the right to redeem, rather than one not so attended.

But after thus grading the sale, there is no reason for holding that the property is redeemable on less onerous terms than it would be had it been sold under the tax *fi. fa.* alone.   No larger estate was divested or acquired, and perhaps no larger a price paid or received, than would have been had the sale been under that *fi. fa.* only.   And the proceeds belonged no less to the defendant in execution; and in fact she had the benefit of all the proceeds, in the present case, for they were applied first to the taxes, and the excess to the judgments. There is no law to redeem unless by refunding the whole amount paid by the purchaser, with the statutory premium thereon; redemption could not be effected by refunding, or offering to refund, a less amount measured by the taxes, with premium on that much. Code, §898.

2. There might, under the evidence, be some question as to whether the levy was not excessive, had the defendant in the execution owned the fee or had the sale been made under the tax *fi. fa.* only.   For, had the defendant owned the fee, the fee would have passed to the purchaser in case of an omission to redeem; or, though she owned a life estate only, the fee being levied upon, would have passed had the sale been made for the taxes of that specific property only.  The sale would, in that case, have affected the remainder as well as the estate for life.   But as the sale was a mixed one,  made not alone for the taxes of that specific property, the sale was not excessive even if the levy was; for it is not shown by the evidence  that the life estate in the whole

tract was too much to levy upon for the taxes, nor is there any evidence that a life estate in less than the whole was of any value, or would have brought, if sold separately, anything whatever. When property is sold for taxes as the property of a tenant for life, no more than the interest of the tenant for life passes, unless the sale is for the taxes on that specific property only. This is so where the sale is by virtue alone of the tax execution. Much more must it be so where the sale is made, as this was, under the joint authority of a tax *fi. fa.* and a general judgment. Here the proceeds of sale all belonged absolutely to the life tenant, and were applied for her benefit; whereas, if the property had been sold for its own taxes and for nothing else, the surplus, after paying the taxes, would have belonged to the remaindermen after the life estate in the same was exhausted.

3. Two offers to redeem were made, one attended with a strict tender, except that the tender was too small in amount; the other sufficient in amount but without a strict tender of the money, and of doubtful sufficiency in point of time. The former we have disposed of under the first head of this opinion. As to the latter, we rule that had it been a strict and proper tender, it would be difficult to treat it as reinstating Mrs. Clower in the legal title so as to enable her to recover in this mere legal action. Made in proper time and manner, it would have enabled her to support a bill, or an analogous proceeding at law to compel acceptance, and to rehabilitate her both with title and possession; but to accomplish that result she would have to make the tender continuous. Not taking that course, but bringing an action of complaint, could she thus avoid making a continuous tender? We think not. She cannot keep her money and recover the land too. She must at least make a continuous offer to pay. Certainly

this much was necessary in order to succeed in the stat-
utory action of complaint, as this action was, or in eject-
ment. Had she brought the money into court, that
perhaps would have sufficed in place of the continuous
offer by pleading, but one or the other was indispen-
sable—perhaps both. We need not determine whether
both would be required or not ; it is enough that one or
the other was necessary, and she did neither.    On any
theory as to the effect of tender which we could pos-
sibly recognize as sound, the verdict against her was
correct.

4. It is true the court erred upon the subject of pre-
scription, and in more respects perhaps than one; but
there is no occasion even to specify such error, much
less to discuss it, for prescription was utterly useless to
the prevailing party on the facts and law of his case, as
we have seen. He had no need for prescription but was
protected without it.    He was clothed with the strict
legal title to the whole estate in these premises for and
during the life of Mrs. Clower, the adverse party.

The judgment refusing a new trial is affirmed.