MORGAN v. BURKS.

1. A levy upon "the west half of city lot number 79 on the corner of Broad street in the city of Albany, Ga.," sufficiently describes the property seized.
2. Realty of which one is in possession under a contract of purchase, upon which a part of the purchase money has been paid, is subject to sale for his taxes. National Bank of Athens v. Danforth, 80 Ga. 55.
3. The fact that after the sale of such realty for tax, the person for whose tax it was sold paid off and took up an execution which was a lien on the property older than the tax *fi. fa.*, will not vitiate the tax sale. The amendment setting up this fact was properly rejected.
4. There is no error in directing a verdict which is the inevitable and only legal result of the pleadings and evidence.

August 27, 1892.　　　　　　　　　　　　　*Judgment affirmed.*

Levy. Tax sale. Lien. Verdict. Before Judge BOWER. Dougherty superior court. October term, 1891.

Burks filed his petition for an order to the sheriff of Dougherty county to put him in possession of the west half of lot number 79 on Broad street in the city of Albany, Ga., under a deed from the tax-collector of said county to the lot, made to Burks, and to require Morgan to show cause why the order should not be granted. Morgan answered, alleging that he does not hold the property under the title he had when it was sold for taxes, but under another distinct, different and independent title; that it was not subject to levy and sale for taxes against him as he did not own it at the time of such levy and sale, but now owns and holds it under

an independent and older title, distinct from the one he then had, and older than the tax execution, and the property was only subject to a very small portion of the taxes against him, if any. Also, that the sale was not legal, because it was not properly advertised and not properly exposed to sale. The jury under direction of the court, found in favor of the petitioner. Morgan moved for a new trial, which motion was overruled, and he excepted. The motion contains, besides the general grounds, the following:

1. The court erred in admitting in evidence the entry of levy on the property on the tax *fi. fa.*, and the *fi. fa.*, over his objection that the levy was uncertain, indefinite, void, vague, illegal and not specific as to the property levied upon. The levy was, "Levied the within *fi. fa.* on the west half of city lot number 79, on the corner of Broad street in the city of Albany, Ga., March 5, 1879."

2. The court erred in refusing the motion made by defendant's counsel to amend the answer, averring and setting up the equities of defendant in having paid on the purchase the *fi. fa.* of the Augusta Insurance & Banking Company after the tax sale. It appeared in evidence that at the time of the tax sale Morgan had made a contract of purchase and had paid part of the purchase money, and that after the tax sale he took up the *fi. fa.* of the Augusta Insurance & Banking Company, which was a lien upon the property and older than the tax *fi. fa.*

3. The court erred in holding that Morgan at the time of the tax sale had a salable interest in the property for tax due thereon, the largest part of the purchase money having been paid, and that the subsequent payment of the balance of the purchase money inured to the benefit of the purchaser at the tax sale.

4. The court directed a verdict for plaintiff, without submitting the case to the jury for consideration.

The tax deed was properly witnessed and recorded, and recited that the land was offered in parcels and no bids made until it was all offered.

H. Morgan and C. B. Wooten, for plaintiff in error.
D. H. Pope, *contra*.