RODDENBERRY, guardian, *v.* SIMPSON.

No. 7665. JANUARY 16, 1931.

*McElreath & Wall* and *S. C. Townsend,* for plaintiff.
*Cowart & Cowart,* for defendant.

BECK, P. J. In 1917 L. S. Simpson executed to Annie Lee, Louis, N. C., and Ursula Simpson a deed conveying to them several hundred acres of land, including the tract in question in this case. He continued in possession of all the property so conveyed, and returned same for taxes each year thereafter until his death in 1924. None of the grantees named in the deed ever returned any of this property until after the death of the grantor. On December 20, 1921, the tax-collector of Camden County issued an execution against L. S. Simpson for State and county taxes for the year 1921, in the amount of $55.04, which execution was levied, December 5, 1922, by the sheriff of the county on the land above referred to, which was duly advertised and sold on January 2, 1923, and bought by W. R. Simpson for one hundred dollars. R. F. Roddenberry, guardian, is the duly constituted guardian of the children of Annie Lee Simpson, deceased, one of the grantees in the deed from L. S. Simpson. On June 3, 1929, Roddenberry obtained from the court of ordinary of Camden County an order for the sale of the one-fifth undivided interest of his wards in the April Wesley tract, and advertised the same for sale. W. R. Simpson filed a claim to the property; and at the trial, after all the evidence was submitted, the court directed a verdict for the claimant. The guardian filed a motion for a new trial, which was overruled, and he excepted.

The only question for decision in this case is, whether or not the sale of the property in question for taxes as the property of the life-tenant conveyed the entire estate as against the remaindermen. The court below in effect held that it did. While in certain decisions cited by counsel for defendant in error there is some language from which it might be inferred that the court's ruling was a proper one, we find no direct ruling sustaining that view. If one who is in possession of land as life-tenant executes a deed conveying the entire estate to a named grantee, such a deed does not convey to the

grantee any interest in the land as against the remaindermen, and after the death of the life-tenant the remaindermen may recover the land in an appropriate action against the grantee in the deed. Or if one is in possession of land as life-tenant and a judgment is obtained against him at law, and the fi. fa. based thereon is levied upon the land and the entire estate is sold without reservation, and a sheriff's deed made in pursuance thereof, only title to the life-estate with which the defendant in fi. fa. was vested·passes to the purchaser. And where a tax fi. fa. is issued against a named person, while.it constitutes the highest lien upon all the property of the defendant in fi. fa., it is not a lien upon the property which did not belong to such defendant but the title to which was in other parties. In the present case the remainder was in the grantees named in the deed of L. S. Simpson to Annie Lee Simpson and others, and that remainder interest was not divested by the sale under a tax fi. fa. against the grantor in that deed, who in the execution of the same reserved a life-estate to himself. The remainder was not the property of L. S. Simpson, the grantor in that deed. If this had been a fi. fa. issued against this special property, then the sale of the property under such a fi. fa. would have conveyed the entire estate and been binding upon both the life-tenant and the remaindermen. In *Gross* v. *Taylor,* 81 *Ga.* 86 (6 S. E. 179), it was said: "All property must pay taxes, and parties interested must see that they are paid, in order to protect such reversionary or other interest as they may have therein. But where there is a general assessment of taxes against all the property of a person, and execution therefor is levied on a particular lot of land which was included in the general return of his property, the purchaser at the tax sale got no better title than the defendant in execution himself had. Had the taxes been assessed against the particular lot of land and execution issued therefor, the purchaser at a sale thereunder would have gotten a good title as against the world." We have quoted the syllabus in this case. In the opinion the ruling is fully borne out with the statements of the particular individuals and facts of the case. In *Clower* v. *Fleming,* 81 *Ga.* 247 (7 S. E. 278), it was said in the opinion rendered by Chief Justice Bleckley, "When property is sold for taxes as the property of a tenant for life, no more than the interest of the tenant for life passes, unless the sale is for the taxes on that specific property

only. This is so where the sale is by virtue alone of the tax execution." Applying these rulings to the facts of this case, the court erred in directing a verdict for the claimant in this case.

*Judgment reversed. All the Justices concur.*