## DOOLEY *v.* BOHANNON *et al.*

No. 13496.　October 15, 1940.

*Ben F. Cheek Jr.,* for plaintiff.

*George L. & Carter Goode,* for defendants.

DUCKWORTH, Justice. The attack upon the judgment of non-suit is based upon two contentions: (1) That the evidence made a case of excessive levy. (2) That the evidence showed that the sheriff's sale was not advertised as required by law. It is con-

tended that for these reasons the sale was void, and that the sheriff's deed did not divest the plaintiff of title.

■ To determine whether or not the levy was excessive it is first necessary to find what property was sold. The tax execution was against the plaintiff for taxes due by her to the State and county for the year 1920. Neither the execution nor any other evidence in this record shows it to have been for taxes on the specific property sold. Had the sale been made for the taxes on that specific property alone, although the plaintiff owned only a life-estate, the fee would have passed, and the sale would have affected the remainder as well as the estate for life. But since the property was sold as the plaintiff's property under an execution against her, only the interest of the tenant for life was levied upon or passed by the sale. *Clower* v. *Fleming,* 81 *Ga.* 247 (2) (7 S. E. 278); *Howell* v. *Lawson,* 188 *Ga.* 164 (3 S. E. 2d, 79). Therefore, in order to prove that the levy was excessive, it was necessary for the plaintiff to prove the value of the life-estate. This was not done by showing that the land was worth $1000. See *Keeter* v. *Bank of Ellijay,* 190 *Ga.* 525 (9 S. E. 2d, 761). The life-tenant could not, under the law, encroach upon or consume the interest of the remainderman. As a life-tenant she could use the property, and her life-estate therein was worth only such profits as the land would yield. All of the evidence showing that the land was capable of subdivision evidently referred to a division of the fee; but if such subdivision is applied to the life-estate, the question arises, what value to the life-tenant would any of the vacant parcels have. From the timbered tract she could take timber for reasonable repairs, but she would have no right to sell the timber where such sale was not an incident to the reasonable enjoyment of her estate. *Smith* v. *Smith,* 105 *Ga.* 106 (2) (31 S. E. 135); *Lee* v. *Rogers,* 151 *Ga.* 838 (108 S. E. 371); *Willie* v. *Hines-Yelton Lumber Co.,* 163 *Ga.* 64 (135 S. E. 505). The evidence was silent as to whether or not there was a building on the home lot. It must be held that proof of the value of the land and the age of the life-tenant was not sufficient evidence to authorize the jury to fix a value on the life-estate in the land, and thus find that the levy was excessive. The only testimony as to the value of the life-estate is completely nullified by testimony of the same witness that he could not define the meaning of a life-estate. The only

remaining circumstance is the amount for which the property was sold, but this is insufficient to authorize a verdict that the levy was excessive.

■ There was no advertisement of the sale, as required by the Code, § 39-1101. Under this statute the duty was imposed upon the sheriff to publish weekly, for four weeks immediately preceding the sale, notice of the sale. The statute does not provide that the sale is void if the sheriff fails to perform his duty. The purchaser, if innocent, has rights under such sale, and these rights can not be destroyed by failure of the sheriff to perform the duties which the statute imposes upon him. Under § 39-1311, all such irregularities create liabilities against the officer, and the innocent purchaser shall be bound only "to see that the officer has competent authority to sell, and that he is apparently proceeding to sell under the prescribed forms." Under the facts in the present case the sale was valid, and the purchaser's title was not affected by the sheriff's failure to advertise. *Brooks* v. *Rooney,* 11 *Ga.* 423 (56 Am. D. 430); *Hendrick* v. *Davis,* 27 *Ga.* 167 (73 Am. D. 726); *Johnson* v. *Reese,* 28 *Ga.* 353 (73 Am. D. 757); *Johnson* v. *Reese,* 31 *Ga.* 601; *Conley* v. *Redwine,* 109 *Ga.* 640 (2) (35 S. E. 92, 77 Am. St. R. 398). The judgment of nonsuit was not erroneous for either of the reasons assigned.

*Judgment affirmed. All the Justices concur.*