1. Where land is held by a life-tenant, and taxes are assessed against her, and executions are issued in personam only, a sale under levy of such executions passes only the life-estate. Howell v. Lawson, 188 Ga. 164
(3 S.E.2d 79); Dooley v. Bohannon, 191 Ga. 7
(11 S.E.2d 188).
2. Where an instrument of writing was executed as a deed, attested by two witnesses, one of whom was an officer authorized to witness deeds, purporting on its face to have been delivered, and was recorded, this raised a presumption of delivery. Shelton v. Edenfield, 148 Ga. 128
(96 S.E. 3).
3. Testimony of declarations made by the grantor of such deed, to the effect that she was not going to deliver it, coupled with testimony to the effect that the grantor therein handed this deed to one who subsequently purchased at a tax sale the land conveyed thereby, is not sufficient evidence to overcome the presumption, arising from the fact of the record of the deed, that the same was delivered. Nothing in Lowry v. Lowry, 150 Ga. 324 (2) (103 S.E. 813), is contrary to this holding.
4. The evidence demanded the verdict, and it was not erroneous to refuse a new trial.
Judgment affirmed. All the Justicesconcur.
 No. 13674. JUNE 16, 1941.
An action for land was brought by three of the four surviving children of Mrs. Lucretia Rowe, deceased, to recover a three-fourths undivided interest in two described tracts of land aggregating 202 acres, in Laurens County, Georgia. The plaintiffs were Mrs. Nettie Rowe Morton, Millard Rowe, and Onnie Rowe by her next friend, R. T. Morton; and the defendant was J. L. Bracewell, who was alleged to be in possession of the entire tracts of land in question, Bracewell being the husband of the fourth child of Mrs. Lucretia Rowe. The plaintiffs claimed title under a deed from their mother, executed and recorded in January, 1915, in which conveyance she reserved to herself a life-interest. The defendant has been in possession of the realty since June 2, 1936, enjoying the *Page 397 
rents and profits therefrom, and claims title through Mrs. Lucretia Rowe, the common grantor of all parties. The defendant admitted the foregoing allegations, but denied that the plaintiffs were owners of a three-fourths undivided interest in the realty and the allegation that his own title was invalid, and asserted that he held bona fide possession under a claim adverse to plaintiffs. He set forth in detail as to improvements placed by him on the property, and claimed that the rents and profits enjoyed by him were of the value of $100 per year and not $450 per year, as alleged; and he prayed that if the plaintiffs should recover the land, the defendant recover of them the amount of excess of the value of the improvements over the mesne profits.
On the trial, evidence to the following effect was admitted without objection: The remaindermen were all children of the grantor and the life-tenant. One of the plaintiffs, Onnie Rowe, is and has been for a number of years incompetent and confined in the institution for mentally deranged persons in Milledgeville. The original deed was not and had never been actually in the possession of the plaintiffs or of the defendant's wife, who was one of the remaindermen. The defendant testified that he purchased the property at sheriff's sale for delinquent taxes. The tax executions under which the sale was made were issued against the life-tenant in personam. At such public sale, after due advertisement, the defendant purchased the property at a price covering the tax executions and interest, and received from the sheriff a deed. The defendant testified, that Mrs. Lucretia Rowe, the life-tenant, who lived with defendant, knew of the delinquent taxes covering several years, and that the plaintiffs knew about them; that defendant discussed the matter with some of the plaintiffs, but no agreement was reached for paying the taxes; that the life-tenant tried for several years to divide the property, but, being unsuccessful, she stated to the defendant that she was not going to deliver the deed which she had executed in favor of the children. Objection was made to the testimony about what Mrs. Rowe said, on the ground that it was hearsay, immaterial, and inadmissible, being as to a transaction with a person since deceased. The court admitted the testimony to show the good faith of the defendant in making improvements, but directed the jury to return a verdict for the plaintiffs. The defendant's motion for new trial was overruled, and he excepted. *Page 398