FUTCH *et al v.* JARRARD.

48

No. 16007.   November 13, 1947.

*McDonald & McDonald,* for plaintiffs.

*Andrew J. Tuten,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) ■ Special ground 4 of the amendment to the motion for new trial complains because the court allowed in evidence over timely objections a tax deed dated September 6, 1921, from J. W. Googe as Sheriff of Bacon County, Georgia, to Mrs. Annie Wade, purporting to convey as the property of Mrs. Margaret Tucker all of the land in question, together with an execution in personam only against Mrs. Tucker, upon which it was based; also a quitclaim deed dated November 4, 1946, from Mrs. Annie Wade to Mrs. W. C. Jarrard purporting to convey the same property. We think that the admission of this evidence was erroneous. The defendant's answer admits that the lands sued for were assigned

■

to Mrs. Tucker as dower prior to 1921. Her interest in the lands involved therefore was a life estate only. Code, § 31-101; *Harber* v. *Harber*, 152 *Ga.* 98 (108 S. E. 520). And, of course, no greater interest than she had passed to Mrs. Wade by the sale in 1921. By the death of Mrs. Tucker, the life tenant, on September 24, 1945, all interest which Mrs. Wade had acquired terminated, and she had no title for the lands to pass by her deed to Mrs. Jarrard on November 4, 1946. In these circumstances, the evidence objected to was irrelevant, immaterial, and we think highly prejudicial. Upon this ground the motion for a new trial should have been granted.

■ Complaint is made in grounds 6 and 7 of the amendment to the motion because the court submitted to the jury in his charge the law on prescriptive title as contained in the Code, §§ 85-401, 85-402, 85-403, 85-404, and 85-406. Section 85-406 provides: "Actual adverse possession of lands for 20 years, by itself, shall give good title by prescription against everyone, except the State or persons laboring under the disabilities. . ." This section provides for a title to land by prescription based upon possession alone for the time prescribed without the aid of any written evidence of title. *Shiels* v. *Roberts*, 64 *Ga.* 370; *Montgomery* v. *Trustees of Masonic Hall*, 70 *Ga.* 38. Possession is "adverse" within the meaning of the section only as to one who has an immediate right to bring an action to recover lands the possession of which is wrongfully withheld. This court has many times held that a remainderman does not have such a right until after the death of the life tenant. *Napier* v. *Anderson*, 95 *Ga.* 618, 628 (23 S. E. 191); *Rollins* v. *Davis*, 96 *Ga.* 107 (23 S. E. 392); *Luquire* v. *Lee*, 121 *Ga.* 624 (49 S. E. 834); *Glore* v. *Scroggins*, 124 *Ga.* 922 (53 S. E. 690); *Brinkley* v. *Bell*, 131 *Ga.* 226 (62 S. E. 67). Among the defenses set up in the present case, and separate and distinct from one that the defendant had acquired by deeds all of the interest of the plaintiffs, is one that the defendant had been in actual adverse possession of the lands involved for more than twenty years immediately before the plaintiffs brought suit to recover them, and under such circumstances as would in law ripen her claim into a good prescriptive title. Based upon that theory of the defendant's pleadings, the court charged section 85-406, and the related sections. The

criticism lodged against that portion of the charge is that there was no evidence to authorize it, and that the charge as given in effect instructed the jury to find for the defendant if the evidence showed that she had been in actual possession of the lands involved for a period of twenty years prior to suit, irrespective of their status as remaindermen. If there is evidence in the record which authorized it, then, of course, there is no merit in the complaint with which we are now dealing. It is undisputably shown by the record that E. B. Tucker died in 1911 seized and possessed of the lands sued for; that they were afterwards assigned as dower to his widow, Margaret Tucker; that the children of E. B. Tucker, some of whom are the plaintiffs in error here, took a remainder interest therein, subject to the life estate of their mother; that the defendant went into possession during the latter part of 1922; and that Mrs. Margaret Tucker died September 24, 1945. In these circumstances, it is well-settled law that prescription did not begin to run against the plaintiffs until the death of their mother in 1945. Consequently, as to the plaintiffs in error, there is no evidence in the record to show that the defendant held "adverse possession" of the lands in question for twenty years prior to the date suit was brought, and therefore we must hold that it was error to charge that principle of law. A general rule of force in this State is that a charge upon legal principles must be adjusted to both the pleadings and the evidence. *Southern Express Co.* v. *Newby,* 36 *Ga.* 635, (91 Am. D. 783); *McDonald* v. *DeLaPerriere,* 178 *Ga.* 54 (172 S. E. 1); *Smoot* v. *Alexander,* 188 *Ga.* 203 (3 S. E. 2d, 593); *Jones* v. *Hogans,* 197 *Ga.* 404, 412 (29 S. E. 2d, 568). For the reason assigned in these grounds of the amended motion, a new trial should have been granted.

■ In view of the rulings made in the foregoing divisions, which will require a reversal of the judgment refusing a new trial, and as the evidence may not be the same on the next trial, the general grounds (which include an issue of forgery as to the purported deed dated September 1, 1922, from the plaintiffs to the defendant) and the questions raised in other special grounds complaining of the charge will not be dealt with.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*