TOWNSEND *et al. v.* McINTOSH.

No. 16669. JUNE 13, 1949. REHEARING DENIED JULY 14, 27, 1949.

*Joseph B. McGinty,* for plaintiffs in error.

*Howard B. Payne* and *W. D. Tutt,* contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject." Article 7, section 2, paragraph 1, Constitution of 1877 (which provision of the Constitution was of force at the time of this assessment and sale). "Taxes shall be charged against the owner of property if known, and against the specific property itself if the owner is not known." Code, § 92-110. This court held in *Burns* v. *Lewis,* 86 *Ga.* 591 (13 S. E. 123), that the taxing authorities are at liberty to assess property as belonging to an unknown owner but not to ascribe ownership to any and every person indifferently, and that they could treat as the owner any person in possession when they are not able to fix ownership on anyone else, for possession is a mark of ownership. See *McLendon* v. *Horton,* 95 *Ga.* 54 (22 S. E. 45); *Deraney* v. *Mays,* 205 *Ga.* 142 (52 S. E. 2d, 711). Each levy in the present case recites that the defendant was in possession. The taxing authorities were fully justified in assuming the person thus in possession to be the owner for the purpose of assessing taxes thereon. This court held in *State of Georgia* v. *Hancock,*

79 *Ga.* 799 (5 S. E. 248), that it is not incumbent upon the taxing authorities to investigate the legal title to property before assessing the same for taxes. Such a rule is based upon common sense, in that it recognizes that taxing officials are not necessarily experts in title law, and that property shall not escape its share of the tax burden merely because a taxing official is unable to define with legal precision the true title thereto. It was held in *Verdery* v. *Dotterer,* 69 *Ga.* 194, that taxes are not only against the owner but against the property itself as well. There rests upon those persons having an interest in property a legal duty to see that all taxes thereon are paid, and they are required to perform this duty by seeing that the taxes are paid in order to protect their reversionary or other interests in such property. *Gross* v. *Taylor,* 81 *Ga.* 86 (6 S. E. 179). Reducing these legal principles to a succinct statement, they mean that when those having an interest in property allow another, whether voluntarily or because required by law to do so, to be in possession thereof the taxing authorities are justified in law in proceeding in personam against such person in possession to collect the taxes thereon, and in doing so to sell the entire fee. This court, in *Barnes* v. *Lewis,* 98 *Ga.* 558 (25 S. E. 589), held that despite the fact that the person there in possession, against whom a tax execution in personam issued, had no title or interest in the property whatever, yet a purchaser at a sale under a tax execution acquired title to the fee as against the true owner of the property. On the other hand, in *McLeod* v. *Brooks Lumber Co.,* 98 *Ga.* 253 (26 S. E. 745), where the person against whom the tax execution in personam issued neither owned the property nor was in possession thereof, it was held that the purchaser at a tax sale acquired no title whatever. This seems to be a plain illustration of the legal significance of the possession of a defendant in a tax execution.

But it is clearly shown in the present case that the defendant in execution under the terms of the will had only a life estate in the property of which she was in possession at the time the tax assessments in question were made and also when the levy and sale took place. It nowhere appears that the taxing officials at any time had knowledge of this limited interest of the defendant in fi. fa. "Life tenants, and those who own and enjoy

the property, shall be chargeable with the taxes thereon." Code, § 92-110. This court has repeatedly held that where property is sold under a tax execution against a life tenant in personam only the life estate passes to the purchaser. *Roddenberry* v. *Simpson,* 171 *Ga.* 715 (156 S. E. 583); *Kirk* v. *Bray,* 181 *Ga.* 814 (2) (184 S. E. 733); *Howell* v. *Lawson,* 188 *Ga.* 164 (3 S. E. 2d, 79); *Bracewell* v. *Morton,* 192 *Ga.* 396 (15 S. E. 2d, 496); *Coleman* v. *Durden,* 193 *Ga.* 76 (1) (17 S. E. 2d, 176); *Patellis* v. *Tanner,* 197 *Ga.* 471 (3) (29 S. E. 2d, 419); *Futch* v. *Jarrard,* 203 *Ga.* 47 (45 S. E. 2d, 420). It does not appear that the tax executions there involved were only for taxes on the specific property sold. None of those decisions overruled the decision in *Verdery* v. *Dotterer,* supra, holding that taxes are not only against the owner but against the property itself; *State of Georgia* v. *Hancock,* supra, holding that it is not incumbent upon the taxing authorities to investigate the legal title to the property, and *Gross* v. *Taylor,* supra, holding that all property must pay taxes, and that it is the duty of all persons having an interest in property to see that the taxes are paid in order to protect their interest. Nor did any of them refute the statement in *Clower* v. *Fleming,* 81 *Ga.* 247 (7 S. E. 278), to the effect that if the tax execution there involved, which was in personam against a life tenant and was levied on the whole property, had been for taxes on the specific property only, then the fee would have passed to the purchaser at the sale. This same principle was restated in *Dooley* v. *Bohannon,* 191 *Ga.* 7 (11 S. E. 2d, 188). Nor did any of those cases refute the statement in *Burns* v. *Lewis,* 86 *Ga.* 591 (13 S. E. 123), holding that possession was enough to subject the whole property to the payment of the taxes under an execution against the possessor. We therefore conclude that it was intended, in each of the cases referred to, to hold that, where nothing more appears, a sale of property under a tax execution in personam against a life tenant passes only the life estate, but that, where as here something more does appear, to wit, possession at the time of the assessment and levy and sale by the person named as defendant in the tax execution, and it is proved upon the trial that the execution is for taxes upon the specific property only, then those rulings are not controlling, but the principles announced in the other decisions above referred to would be applicable and controlling. The defendant in fi. fa. in the present

case was not recognized as a life tenant by the taxing authorities, nor was she designated as such in the execution, and as pointed out above it does not appear that the taxing authorities had any knowledge of the fact that she owned only a life estate in the property.

It has been argued that the basis of the decisions holding that only a life estate passes at a tax sale under an execution in personam against a life tenant, is that, since the life tenant had no title to the remainder interest, the only title that could pass to the purchaser would be such title as the defendant had, and consequently the purchaser would acquire only a life estate. This reasoning is completely refuted by the decisions of this court holding that the purchaser acquired title to the fee, although the defendant in fi. fa., who was in possession, had no interest whatever in the property. In the present case the defendant, who was the purchaser at the tax sale, saw that the defendant in fi. fa. held possession of the property being sold, and the levy was upon the whole property under the execution for taxes only upon this specific property, and she was justified in assuming that she was acquiring the fee, subject only to the right of redemption. Obviously there is involved an element of fiction in any case where the purchaser acquires and the owner is divested of the title at a sale under an execution in personam against a stranger to the title, but as to taxes the whole property is liable; and for the taxing authorities to treat the person in possession as the owner for the purpose of subjecting the property to the payment of its share of taxes, is not fictional but is a reasonable means of enforcing the law. It would dangerously imperil the support of government if the collection of property taxes was made dependent upon the ability of the taxing official, who is unfamiliar with title law, to acquaint himself with wills and other instruments by which different persons are given separate interests in specific property. This principle is emphasized by the further provision of the Code, § 92-110, that, "While the public may treat property as belonging either to the maker or the holder of a bond for title when the latter is in possession," yet as between the parties liability for the taxes shall be fixed against the one enjoying the use. Unquestionably the holder of a bond for title has no title and is not the owner of the property embraced in such bond, yet this Code section authorizes the

taxing authority to proceed against him, provided only that he is in possession. See *Morgan* v. *Burks,* 90 *Ga.* 287 (15 S. E. 821); *Bank of The University* v. *Athens Bank,* 107 *Ga.* 246 (33 S. E. 34). This court, in *Turner* v. *Hale,* 188 *Ga.* 197 (3 S. E. 2d, 591), treated possession as the equivalent of title, when we held that as a general rule property may not be sold under a tax execution issued in personam against one who has neither *title* nor *possession* and no right to represent the owner.

While, as pointed out above, this court, in *Clower* v. *Fleming,* supra, and *Dooley* v. *Bohannon,* supra, asserted that, if it is shown that the tax execution in personam against one who is the life tenant is for taxes on specific property only, a sale thereunder passes the fee to the purchaser, yet we think that another and perhaps more solid basis for so holding would be that the life tenant was in possession, and thus was apparently the owner of the whole property. It could be fairly demonstrated that, even where such an execution embraces taxes upon other property of the life tenant, a sale thereunder, when the life tenant is in possession, would divest the remainderman and convey the fee to the purchaser, but the decisions above cited preclude such a holding. If the life tenant fails to pay his taxes, one execution and only one may be issued against him, and this would include taxes on all of his property. The levying officer would be entitled to levy such an execution upon any item of his property, and this would include the right to levy upon the property in which he has only a life estate. If the remaindermen or other parties having an interest in the property thus levied upon desire to protect their interests as the law enjoins upon them, as ruled in *Verdery* v. *Dotterer,* supra, then an effective means of accomplishing this would be to pay the taxes and require a transfer of the execution to themselves, and then direct the levying officer to levy upon the other property belonging to the defendant in execution. This procedure would afford full protection to all persons having an interest in the property and would free the taxing authorities from unnecessary shackles. and hindrances in the collection of taxes. It would also remove doubts as to the title of the purchaser at tax sales. For all of the foregoing reasons the judgment overruling the motion for new trial must be affirmed.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents.*

ATKINSON, Presiding Justice, dissenting. "Where land is held by a life-tenant, and taxes are assessed against him and executions issued in personam only, a sale under the levy of such executions passes only the life-estate." *Howell* v. *Lawson,* 188 *Ga.* 164 (1). To the same effect see *Roddenberry* v. *Simpson,* 171 *Ga.* 715; *Kirk* v. *Bray,* 181 *Ga.* 814 (2) ; *Bracewell* v. *Morton,* 192 *Ga.* 396 (1) ; *Coleman* v. *Durden,* 193 *Ga.* 76 (1) ; *Patellis* v. *Tanner,* 197 *Ga.* 471 (3) ; *Futch* v. *Jarrard,* 203 *Ga.* 47 (1), 49. Under the above rule, at the sale of the property here involved under a tax execution against the life tenant in personam the purchaser acquired the life estate only, and upon the trial of a contest between remaindermen and such purchaser, these facts demanded a verdict in favor of the remaindermen, and the court erred in directing a verdict in favor of the purchaser. The fact that the life tenant was in possession, and that the levy indicated that the whole property was levied upon and sold, does not take the case from under the above rule. Nor does the evidence, showing that the taxes upon this particular property alone were included in the execution under which the sale was made, require a different ruling.