23420. DIXON et al. v. EVANS.

134

Submitted April 11, 1966—Decided May 5, 1966.

C. C. Crockett, for appellants.

B. B. Hayes, for appellee.

Mobley, Justice. The issue in this case is whether title to described land is in appellants or in appellee.

Appellants brought their petition as amended in Laurens Superior Court to recover certain described lands in that county, alleging that they are the sole heirs of J. W. Dixon, deceased; that the land was owned by their grandfather, G. W. Dixon, who, on October 18, 1932, deeded it to J. W. Dixon, his son, for his life, and at his death to his legal heirs, who are his children; and that on the death of J. W. Dixon all rights and title in this land of the defendant terminated, and fee simple title to the property vested in the plaintiffs; that defendant has held the land adverse to plaintiffs since April 15, 1964, and has enjoyed the mesne profits of the land of the value of $1,000 per year. The petition further alleges that defendant claims title to the two tracts of land under tax deeds, one from Laurens County and

the other from the Sheriff of Laurens County, and alleges details as to each which are set out hereafter in the opinion. The prayers of the petition, as amended, were for process and that they do have and recover the land and the mesne profits from the date of the death of J. W. Dixon.

Upon the close of the evidence by both parties, both the plaintiffs and the defendant made motions for a directed verdict. The court directed a verdict for defendant and denied plaintiffs' motion. The appellants enumerated as error the granting of a directed verdict for appellee and the denial of their motion for directed verdict and for judgment notwithstanding the verdict and the exclusion of certain evidence.

■ A deed from G. W. Dixon conveying the land in question to his son, J. W. Dixon, for life, and at his death to his legal heirs, was introduced in evidence by plaintiffs, as well as the deed of the property into G. W. Dixon. The evidence was undisputed that G. W. Dixon died in 1937, and that J. W. Dixon, the life tenant, died prior to the time this suit was filed, and that plaintiffs were all the legal heirs of J. W. Dixon. A prima facie case of title in plaintiffs was established by this evidence.

The defendant introduced two tax deeds—one from Laurens County and the other, a deed of redemption, from the Sheriff of Laurens County. The first deed from Laurens County to Elton Evans was dated May 3, 1949, conveying the northeast half of Land Lot 136 in the 17th Land District of Laurens County, containing 101 1/4 acres. Laurens County had acquired its title in the following manner: a tax fi. fa. for $114.30 against J. W. Dixon for state and county taxes for the year 1937 issued and was levied upon the northeast half of Land Lot 136, 17th Land District of Laurens County, 101 1/4 acres, and to be sold as property of J. W. Dixon, and was sold by the sheriff, and bid in by Laurens County, and a deed was made by the sheriff to Laurens County, dated June 10, 1940. The second tract, the southwest half of Land Lot 136, 17th Land District, Laurens County (101 1/4 acres) was levied upon under a tax fi. fa. issued against J. W. Dixon for taxes in the amount of $56.44 for the year 1948, and was sold at public sale by the sheriff and bid in by Elton Evans to whom the deed dated May 3, 1949, was made by the

sheriff. This deed contained the provision—"To have and to hold the said described property to the said Elton Evans, heirs and assigns, in as full and ample a manner as the said J. W. Dixon might have done." The same provision was contained in the deed from the sheriff to Laurens County of the northeast half of the lot, and the deed from Laurens County conveyed whatever interest it had in the property to Elton Evans.

This was all the evidence offered by the defendant, Elton Evans. It thus appears under those deeds that Elton Evans acquired at most only the life estate of J. W. Dixon, and that, upon his death, fee simple title vested in his children, plaintiffs in this action.

■ "Where land is held by a life tenant, and taxes are assessed against him and executions issued in personam only, a sale under the levy of such executions passes only the life estate." *Howell v. Lawson*, 188 Ga. 164 (3 SE2d 79). See citations therein and also *Bracewell v. Morton*, 192 Ga. 396 (15 SE2d 496); *Coleman v. Durden*, 193 Ga. 76 (1) (17 SE2d 176); *Patellis v. Tanner*, 197 Ga. 471 (3) (29 SE2d 419) and *Futch v. Jarrard*, 203 Ga. 47, 49 (1) (45 SE2d 420). In *Townsend v. McIntosh*, 205 Ga. 643 (54 SE2d 592) (one Justice dissenting) this court held: "Under the decisions of this court, where nothing further appears, a purchaser at a sale under a tax execution in personam against a life tenant acquires only the life estate, but where, as here, it further appears that the life tenant is in possession, that the whole property was levied upon, and that the execution embraces only the taxes upon the specific property, the purchaser acquires title to the fee, and the whole property, including the remainder estate, as well as the life estate, passes." As to the first tax execution issued in personam against the life tenant, J. W. Dixon, in 1937 for taxes for that year, the record fails to show that the execution embraces only the taxes upon the specific property levied upon.

As to the southwest half of Lot 136 which was sold under a tax execution in personam against the life tenant, J. W. Dixon, for taxes for the year 1947, the record fails to show that the life tenant was in possession of the property, but on the other hand shows that he moved off the property in 1940, and it further

fails to show that the execution embraces only the taxes upon the specific property levied upon. Thus, neither case comes within the exceptions set out in *Townsend v. McIntosh*, 205 Ga. 643, supra, and the purchaser at the sales under the two tax executions in personam against the life tenant, J. W. Dixon, acquired only a life estate in the property. *Howell v. Lawson*, 188 Ga. 164, supra; *Townsend v. McIntosh*, 205 Ga. 643, supra.

■ The next question is whether Elton Evans has acquired title by seven years adverse possession of the property under color of title. Since his deeds gave him only whatever title J. W. Dixon had, and the deed under which Dixon held gave him only a life estate, Evans could have had only color of title to the life estate of J. W. Dixon. *Scales v. Bellamy*, 196 Ga. 412 (3) (26 SE2d 775); *Bazemore v. Davis*, 69 Ga. 745 (2).

Furthermore, had the deeds to Evans purported to convey fee simple title to the property to him, there is no evidence of adverse possession of either of these tracts for a period of seven years. Thus, he has not acquired title to the property by adverse possession of the property for seven years under color of title.

■ Since the evidence wholly fails to show title to said lands in Elton Evans, the trial court erred in directing a verdict for him. Fee simple title and right to possession of the property having been shown in the children of J. W. Dixon, the court erred in denying plaintiffs' motion for directed verdict and in denying plaintiffs' motion for judgment notwithstanding the verdict.

The plaintiffs failed to prove that they were entitled to mesne profits in any amount and are not entitled to a judgment for same.

*Judgment reversed with direction that the court enter judgment for plaintiffs, appellants here, vesting fee simple title to the land in question in them and placing them in possession of the property. All the Justices concur.*