### 31431. PANNELL et al. v. MOORE et al.

NICHOLS, Chief Justice.

The appeal in this case is from a judgment granting the defendants in the trial court a summary judgment and denying a partial summary judgment for the plaintiffs. Error is also assigned upon the failure of the trial court to strike certain exhibits offered by the defendants in support of their motion for summary judgment, to wit: sheriff's deeds.

1. Upon the death of his father in 1922, N. B. Pannell inherited a life estate in a tract of land located in McDuffie County, Georgia. In 1925 and again in 1926, portions of such tract of land were sold by the sheriff under fi. fa. issued by the tax collector of McDuffie County. The 1925 sale resulted from unpaid taxes due for the years 1923 and 1924, while the 1926 sale was for taxes due for the year 1925. The first question to be considered is the admissibility in evidence of such tax deeds. Each deed was regular on its face, showing the issuance of a writ of fieri facias issued by the tax collector on the account of nonpayment of taxes, that the land had lately been seized as the property of N. B. Pannell, and the plat attached represented the tract of land levied upon. Under decisions exemplified by *Livingston v. Hudson*, 85 Ga. 835 (1) (12

SE 17) (1890), and *Bennett v. Southern Pine Co.*, 123 Ga. 618, 622 (51 SE 654) (1905), as well as the Act of 1952 (Ga. L. 1952, p. 169; Code Ann. § 38-636) and the Act of 1965 (Ga. L. 1965, p. 250; Code Ann. § 38-641), the trial court did not err in refusing to strike the deeds submitted by the defendants in the trial court when considering the motions for summary judgment. See also Code § 38-114.

2. "Under the decisions of this court, where nothing further appears, a purchaser at a sale under a tax execution in personam against a life tenant acquires only the life estate, but where, as here, it further appears that the life tenant is in possession, that the whole property was levied upon, and that the execution embraces only the taxes upon the specific property, the purchaser acquires title to the fee, and the whole property, including the remainder estate, as well as the life estate, passes." *Townsend v. McIntosh*, 205 Ga. 643 (54 SE2d 592) (1949).

In this case the evidence submitted in support of the motion for summary judgment submitted by the defendants showed that the life tenant was in possession during the years covered by the first tax execution, that the whole property covered by such tax deed was levied upon and that the execution embraced only taxes upon the property covered by the life estate inasmuch as the defendant in the tax execution owned no other property in McDuffie County.

The second tax deed was for taxes due in 1925 and was executed in 1926. It is well settled that once a status has been proved, it is presumed to continue to exist. The evidence was undisputed that N. B. Pannell was in possession of the property at the time of his father's death in 1922. The only evidence tending to show that N. B. Pannell was not in possession of such tract of land when the second tax fi. fa. was levied was the affidavits of the plaintiff N. B. Pannell, Jr. and of Dolly Bennie Pannell, the life tenant's widow. Both affidavits stated that the family moved from such property "in about 1924." This language does not show that N. B. Pannell and his family moved during the year 1924.

"The word 'about' is of somewhat flexible signification, which may vary with the circumstances and the connection in which it is employed. Generally

speaking, when used with reference to time, 'about' means 'nearly,' 'approximately,' 'in close correspondence to,' or 'within a short time.' But since the term 'about,' as it is generally used with reference to time, is relative and may bear one meaning under some circumstances and import another under different surroundings, its meaning in any particular case is to be sought in the peculiar facts thereof." 74 AmJur2d 611, Time, § 28.

Thus, while "about 7:15" would include the time period from 7:10 to 7:20, and the phrase "about January 12" would possibly include that date and the day before and after January 12, and the phrase "about June" would include a date in May or July near June, yet the phrase "about 1924," a date more than 50 years prior to the time the affidavit was made, would not overcome the presumption that the defendant in fi.fa. was in possession of the property in 1925, the year covered by the second sale by the sheriff. Accordingly, under the decision in *Townsend v. McIntosh,* supra, and the authorities there cited, the judgment of the trial court granting the defendants' motion for summary judgment and denying the plaintiffs' motion for partial summary judgment shows no error.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., and Ingram, J., who concur in the judgment only.*

ARGUED SEPTEMBER 14, 1976 — DECIDED SEPTEMBER 29, 1976 — REHEARING DENIED OCTOBER 19, 1976.

*Pittman, Kinney, Kemp, Pickell & Avrett, John T. Avrett, Charles A. Pannell, Jr., Knox & Evans, Robert E. Knox,* for appellants.

*Bernside, Dye, Miller & Bowen, Montague Miller, James B. Wall, Albert H. Dallas, William M. Wheeler,* for appellees.