## 60299. LOUDERMILK v. COBB COUNTY BOARD OF TAX ASSESSORS.

DEEN, Chief Judge.

The appellant complains of the assessment of her real property for tax purposes on the ground that it is contrary to Code § 92-5902 in that the assessors failed to consider existing uses of the property and existing deed restrictions dedicating the property to a particular use. She enumerated error on the ruling of the superior court that land in which she owned a life estate should be taxed at the same rate as though she owned a fee simple estate therein. The order in question affirmed the findings of the Cobb County Board of Tax Assessors and the Cobb County Board of Equalization that a life estate is not a restrictive covenant or condition in a deed and does not affect the rate of taxation on the land.

We affirm. "Taxes shall be charged against the owner of property if known, and against the specific property itself if the

owner is not known. Life tenants, and those who own and enjoy the property, shall be chargeable with the taxes thereon." Code § 92-110. In fact, where the life tenant resides on the premises and the taxes remain unpaid, a sale of the property to satisfy a tax lien will convey a fee simple estate. "It would dangerously imperil the support of government if the collection of property taxes was made dependent upon the ability of the taxing official, who is unfamiliar with title law, to acquaint himself with wills and other instruments by which different persons are given separate interests in specific property." *Townsend v. McIntosh,* 205 Ga. 643, 647 (54 SE2d 592) (1949). See also *Gross v. Taylor,* 81 Ga. 86 (6 SE 179) (1888), holding that all property must pay taxes, the implication being that these are determined according to its value. The appellant's position is not that the market value of the property may not be determined where there are splinter ownerships, but that under Code § 92-5702 (2) (3) (4) (now Code § 91A-1001 (b)) existing deed restrictions dedicating the property to a particular use must be considered, and that in determining these the land may not be assessed against the life tenant at its full market value because the value of the life tenancy is not equivalent to that of a fee simple estate. This argument misses the mark for the reason that it is the market value of the *property* and not the fractional interest which is evaluated in determining the tax base. The fact that the will and the deed based thereon place a life interest in the appellant does not constitute a restriction "dedicating the property to a particular use." Use is one thing; quantity of interest is another. One refers to purpose, the other to duration or amount. A life tenant, in the absence of special stipulations or other circumstances, is responsible for returning and paying the applicable taxes on the land during the period of his occupancy. *Martin v. Heard,* 239 Ga. 816 (4) (238 SE2d 899) (1977). The method of determining the amount of such taxes is by determining market value according to the yardstick laid down in Code § 92-5702.

The trial court accordingly was correct in affirming the holding of the Board of Equalization that the land in question should be assessed at market value without entering into a determination of the value of the appellant's life estate alone.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED JULY 8, 1980 — DECIDED SEPTEMBER 5, 1980.

*Kenneth Waldrop,* for appellant.
*Charles A. Evans,* for appellee.