*A. C. Wheeler* and *B. P. Gaillard Jr.,* contra.

---

SIGMON-REINHARDT CO. *v.* ATKINS NATIONAL BANK.

1. The drainage law of 1918 (Acts 1918, pp. 147, 150) does not expressly give the right to redeem where land is sold under execution issued for an assessment to meet principal or interest, or the cost of draining the land, in a drainage district.
2. The petition did not allege an equitable cause of action, and the court did not err in dismissing it on demurrer.

No. 5282.　NOVEMBER 13, 1926.

Equitable petition. Before Judge Stark. Banks superior court. January 15, 1926.

*Jesse C. Sigmon* and *E. C. Stark,* for plaintiff.

*A. C. Wheeler,* for defendant.

HILL, J. Sigmon-Reinhardt Company brought an equitable petition in the superior court of Banks County against Atkins National Bank, and alleged in substance as follows: On January 6, 1920, a drainage district known as the Candler Creek Drainage District was created in Jackson County, Georgia. Commissioners were duly elected and qualified; negotiable bonds as provided for under the drainage laws of Georgia were issued by the drainage commissioners for that district, the total amount of the bonds being $5,354.97; the plaintiff purchased $5,000 worth of these bonds. The lands comprising the drainage district are described. The drainage tax as provided under the drainage laws was not paid by the owners of the land; and the tax-collector of Jackson County issued a drainage tax fi. fa. against each of the owners of each tract of land, which fi. fa. was levied by the sheriff of Jackson County, and the land was duly advertised and sold on the first Tuesday in November, 1923. The sheriff executed and delivered to Atkins National Bank a sheriff's deed to the property purchased

Drains, 19 C. J. p. 760, n. 8.

by it, and this deed, together with the fi. fa., was duly recorded. The price at which the land was sold and bought in by the defendant was grossly inadequate, being not more than one sixth of its fair market value. The proceeds derived from the sale of the land were distributed, after paying the cost of sale, among the holders of the bonds, in payment of accrued interest thereon, the plaintiff receiving its proportionate share. The plaintiff is a bona fide creditor of the Candler Creek Drainage District, and is the holder and owner of bonds amounting to $5,000. Within twelve months from the date of the sale the plaintiff tendered to the defendant the sum paid by the defendant for the land, plus ten per cent. premium thereon, as provided in the Civil Code of 1910, § 1169, and demanded that defendant execute and deliver to plaintiff a quitclaim deed to the property, as provided by § 1172, which tender was refused and at the same time the defendant refused to execute and deliver to the plaintiff a quitclaim deed. The tender is a continuing one. The prayers of the petition are, that the defendant be required to execute and deliver to the plaintiff a quitclaim deed to the land described in the petition, and be enjoined from making or delivering to any other person any deed to the land, or from going into possession of the same under the sheriff's deed; and for general relief.

The defendant demurred to the petition, both generally and specially. The court sustained the demurrer and dismissed the petition. To this judgment the plaintiff excepted.

The drainage law of 1918 (Acts 1918, p. 147) does not expressly give the right of redemption where land is sold under execution issued for an assessment to meet interest or principal, or the cost of draining the land in a drainage district. To reach the conclusion that this could be done, we would have to do so from language in the drainage law. The only language bearing upon this is as follows: "This assessment shall constitute the first and paramount lien, second only to State and county taxes, upon the lands assessed for the payment of said bonds and the interest thereon, as they become due, and shall be collected in the same manner and by the same officers as the State and county taxes are collected. . . The tax-collector shall, not later than January 1 of each year, make a report of all unpaid assessments due for the preceding year to the board of drainage commissioners,

and shall at the same time issue his execution to enforce collection of the same, which shall proceed as ordinary executions for State and county taxes;" etc.  This language simply means that executions issued to collect an assessment are collected in the same manner as tax executions are collected.  The procedure for their collection is the same as the procedure for the collection of tax executions.  This is a different thing from giving to any lienholder, or person having an interest in the land, the right to redeem.  We do not think this language is broad enough to authorize that construction.  We are therefore of the opinion that the petition in the present case does not allege an equitable cause of action, and that the court did not err in dismissing it on demurrer.          *Judgment affirmed.  All the Justices concur.*