CITY OF VALDOSTA *et al. v.* OUSLEY *et al.*

No. 9143. OCTOBER 12, 1932.

*Franklin & Langdale* and *H. C. Eberhardt,* for plaintiffs in error. *Copeland & Dukes,* contra.

GILBERT, J.   The sole question is whether the City of Valdosta may lawfully bid on and purchase property offered for sale under executions issued by it to collect assessments for street paving.   The act of the General Assembly applicable expressly to the City of Valdosta, approved August 6, 1921 (Ga. Laws 1921, p. 1106 et seq.), provides (sec. 9) that when, under the "Oklahoma plan" provided in that act, paving is authorized by and laid under the authority of the city, assessments to pay for the same are "liens against the lots and tracts of land so assessed."   Section 11 provides for payment

of assessments to the city treasurer, and, in case of failure, for the issuance of execution by the city, for levy upon real estate liable for such assessment, for advertising and other proceedings "as in case of sales for city taxes," for sale at public outcry to the highest bidder, and for the vesting of absolute title in the purchaser. Civil Code (1910) §§ 869, 881, which must be read into the charter, provide that in such sales the municipal corporation may become the purchaser. It is urged that there is no liability against the city for such paving in case of non-payment of the assessments. However that may be, even if it be so conceded, it can not deprive the city of the right to bid and purchase at such sales. The city, by express authority of said act, contracted for the paving to be laid; it became legally bound to collect the assessments and to pay the same over according to law. The court erred in overruling the general demurrer to the petition. Compare *Hopkins* v. *Chatham Phœnix National Bank & Trust Co.*, 174 *Ga.* 136 (162 S. E. 521).

*Judgment reversed. All the Justices concur, except Atkinson, J., absent.*