CRUTCHFIELD *et al. v.* McCALLIE *et al.*

834

No. 12872. September 12, 1939. Rehearing denied October 14, 1939.

*McClure & McClure* and *Rosser & Shaw,* for plaintiffs.
*Maddox & Griffin,* for defendants.

DUCKWORTH, Justice. ■ In special grounds, 1, 2, 4, 6, and 7 of the motion for a new trial complaint is made because the court charged the jury upon the subject of undue influence. It is contended that there was no evidence to support a charge on this issue; and that the charge was prejudicial to the movants, because the jury were thereby led to believe that the evidence might be sufficient to authorize the setting aside of the will on the ground of undue influence on the part of William Crutchfield. Where instructions are given that are not warranted by the evidence and are calculated to mislead and confuse the jury, the error requires a new trial. *Central Georgia Power Co.* v. *Cornwell,* 139 *Ga.* 1 (2 *a*) ° (76 S. E. 387, Ann. Cas. 1914A, 880). Even if the allegations of the caveat were sufficient, in the absence of a demurrer thereto, to raise the issue of undue influence (see *Davis* v. *Frederick,* 155 *Ga.* 809, 816, 118 S. E. 206; *Peavey* v. *Crawford,* 182 *Ga.* 782, 118 S. E. 13, 107 A. L. R. 828), a charge on that subject was not authorized unless the evidence was sufficient to authorize the jury to render a verdict on that issue. See *Hixon* v. *Myers,* 144 *Ga.* 408 (3) (87 S. E. 475). From a careful reading of the brief of evidence in the record we have been unable to find any evidence of undue influence. It appears that the testatrix, an elderly widow

without any children, was stricken with paralysis on or about May 25, 1937; the will under attack was executed on May 28, and she died on June 13. The chief legatee under the will was William Crutchfield, who was a nephew of the deceased husband of the testatrix; but the fact that they were not blood kin did not render the terms of the will unnatural, especially in view of the fact that he visited her often and was very attentive to her both before and during her illness. *Burge* v. *Hamilton,* 72 *Ga.* 568 (6). While there was evidence that the testatrix was completely paralyzed on the right side of her body after the stroke, and that she was in a kind of coma much of the time, there was no evidence that Crutchfield took advantage of this condition to exert undue influence by persuasion or otherwise. It is contended that undue influence could be inferred from the fact that he asked the testatrix soon after she was stricken if she would like to see a lawyer with reference to making a will, that he selected and brought a lawyer to her home to prepare the will, and that during the time the will was being prepared he waited outside the house with a brother of the testatrix, without telling him that a will was being prepared. Crutchfield testified that he never discussed with the testatrix or made any suggestion as to what disposition she should make of her property. The lawyer testified that the testatrix herself gave him all of the information with reference to the disposition of the property. The evidence was sufficient only to show opportunities for exerting undue influence; and a charge on this subject was unauthorized, in the absence of evidence that undue influence had been exerted. See *Hill* v. *Deal,* 185 *Ga.* 42 (193 S. E. 858). The jury having found in favor of the caveat and against the probate of the will, we can not say that this error in the charge was not harmful to the propounder. A new trial should therefore have been granted. *Hastings* v. *Hastings,* 175 *Ga.* 805 (3) (166 S. E. 195).

There is no merit in the contention that the evidence demanded a verdict that the will was not properly executed, in that it was not "signed by the party making the same or by some other person in his presence and by his express direction," as provided by the Code, § 113-301. There was evidence that the attorney who prepared the will enabled the testatrix, who because of her physical condition could not write, to make her mark by placing her hand upon the pen as the mark was made. This was sufficient to au-

thorize the jury to find that the testatrix signed the will. Code, § 102-103; Redfearn on Wills (2d ed.), 81, § 64.

■ The third special ground of the motion for a new trial assigns error on the following charge of the court: "I charge you, gentlemen, that when the plaintiffs in this case, the propounders of the will, have offered the subscribing witnesses to the will, and tendered the will in evidence, and proved by the subscribing witnesses the mental capacity of the testatrix to make a will, and that the will was properly executed, then the plaintiffs would carry the burden, and, nothing further appearing, you should find for the plaintiffs in the case." It is contended that this charge had the effect of placing on the propounders the burden of showing by all three of the subscribing witnesses that the testatrix had sufficient mental capacity to make the will, and deprived them of their right to prove mental capacity by witnesses other than the subscribing witnesses. This charge may have been misleading for the reasons stated by the movants. While, under the Code, § 113-602, the propounder must produce at the hearing all the subscribing witnesses if living and accessible, or proof of their signatures if dead or inaccessible, yet he is not dependent upon the testimony of such witnesses in making the proofs required to entitle him to a judgment of probate. If some or all of the subscribing witnesses fail to remember, or are hostile and give testimony adverse to the propounder and favorable to the caveator, the propounder is authorized to make the proof required by law by evidence other than the testimony of such witnesses; and when proof has been thus made, the will may be probated despite the testimony of some or all of the subscribing witnesses against the will. *Hall* v. *Hall,* 18 *Ga.* 40 (2) ; *Gillis* v. *Gillis,* 96 *Ga.* 1 (23 S. E. 107, 30 L. R. A. 143, 51 Am. St. R. 121) ; *Bowen* v. *Neal,* 136 *Ga.* 859 (72 S. E. 340) ; *Wells* v. *Thompson,* 140 *Ga.* 119 (78 S. E. 823, 47 L. R. A. (N. S.) 722, Ann. Cas. 1914C, 898) ; *Moore* v. *Walton,* 158 *Ga.* 408, 411 (123 S. E. 812). In view of the fact that one of the subscribing witnesses testified against the mental capacity while other witnesses testified in favor of such mental capacity, the use of the words "by the subscribing witnesses" may have led the jury to believe that the propounders had not properly carried the burden. Upon the next trial the charge should be framed in conformity with the foregoing principles of law.

■ In ground 5 error is assigned because the court, in connection with the charge on the legal presumption arising from a proper and full attestation clause, stated: "But such presumption is rebutted by the clear proof to the contrary." It is contended that this amounted to an expression of opinion that the presumption had been rebutted. The charge in connection with this sentence is stated in the present tense; and it is clear from the charge as a whole that the sentence objected to was not an expression of opinion as to the evidence, but was a mere statement that the presumption might be rebutted.

Headnotes 4, 5, and 6 do not require elaboration.

*Judgment reversed. All the Justices concur.*