### BELL, trustee, *v.* SUMMERLIN.

BELL, Justice. A deed conveyed a lot in the City of Sandersville to a named person "for and during her life, and at her death to be and become the property of such child or children as she may leave surviving her, descendants of children standing in place of their parents." The municipality caused an adjacent street to be paved, and assessed the cost against the life-tenant and the property. The assessment was not paid, and the property was sold in virtue of an execution issued in like manner against the life-tenant *and the property.* Ga. L. 1927, p. 1517. In a suit afterwards brought by a vendee of the purchaser against a trustee for grandchildren of the life-tenant, for the purpose of quieting title, the case was submitted on the pleadings to the judge without a jury; and it appearing therefrom that the facts were as indicated above, a decree was entered in favor of the plaintiff. To this judgment the trustee excepted. *Held:*

1. Since the assessment and execution were issued against the life-tenant and the property, and not merely against the life-tenant, the sale included contingent interests of the grandchildren. *Stokes* v. *State*, 46 *Ga.* 412 (2) (12 Am. R. 588); *Verdery* v. *Dotterer*, 69 *Ga.* 194 (2); *National Bank of Athens* v. *Danforth*, 80 *Ga.* 55 (7 S. E. 546); *Gross* v. *Taylor*, 81 *Ga.* 86 (6 S. E. 179); *Clower* v. *Fleming*, 81 *Ga.* 247 (2) (7 S. E. 278); *Roddenberry* v. *Simpson*, 171 *Ga.* 715 (156 S. E. 583, 75 A. L. R. 414); *Hopkins* v. *Chatham Phœnix National Bank & Trust Co.*, 174 *Ga.* 136 (162 S. E. 521); *Kirk* v. *Bray*, 181 *Ga.* 814 (184 S. E. 733); *Paulk* v. *Ocilla*, 188 *Ga.* 69 (2 S. E. 2d, 642); *Howell* v. *Lawson*, 188 *Ga.* 614 (3 S. E. 2d, 79); *Pierce* v. *Wheeler*, 53 *Ga. App.* 97 (185 S. E. 157).

2. Accordingly, the court did not err in rendering judgment in favor of the plaintiff, and against the trustee defending solely in behalf of the grandchildren. *Judgment affirmed. All the Justices concur.*

No. 12906. SEPTEMBER 14, 1939.

*W. M. Goodwin,* for plaintiff in error.
*J. E. Hyman,* contra.