BLOODWORTH *et al. v.* McCOOK.

No. 13888.   OCTOBER 16, 1941.

*Victor Davidson,* for plaintiffs in error.

*Alex. S. Boone Jr.,* and *Morgan S. Canty,* contra.

DUCKWORTH, Justice.   ■   It appears that the testator signed the will by making his mark.   To the left of his signature, under the word "witness," appears the name "W. H. Hardie."   Under the name of the testator and W. H. Hardie is an attestation clause to which the names of three witnesses are subscribed.   Upon the trial the three witnesses who subscribed their names below the attestation clause testified with reference to the execution of the will, but the propounder did not produce W. H. Hardie as a witness, and no effort was made to explain the failure to do so.   Several grounds of the motion for a new trial make the point that probate should have been denied, because of the failure to produce W. H. Hardie or to explain his absence.   "Probate by the witnesses, or probate in solemn form, is the proving of the will, after due notice to all the heirs at law, by all the witnesses in life and within the jurisdiction of the court, or by proof of their signatures and that of the testator, if the witnesses are dead or inaccessible; and the ordering

to record of the will so proved." Code, § 113-602. A will "shall be attested and subscribed in the presence of the testator by three or more competent witnesses." § 113-301. A will is valid if there are only three witnesses thereto, but the law contemplates that there may be more than three witnesses, as is shown by the fact that the words "three or more" are used in the section last cited. Probate in solemn form requires that "all the witnesses" be produced, if they be in life and within the jurisdiction of the court. Thus, if a will has four witnesses, all must be produced if they are accessible. See Pritchard on Wills and Administration, 341, § 331. The position of the signature of W. H. Hardie does not indicate that he was not one of the attesting and subscribing witnesses to the will. An attestation clause is not necessary for the proper execution of a will. *Deupree* v. *Deupree,* 45 *Ga.* 415. Therefore one may be a witness to a will although his signature precedes the attestation clause. From all that appears, Hardie could have as easily "attested and subscribed" the will as did the three witnesses whose names appear below the attestation clause. "Attestation" has been defined to be "the act of witnessing the actual execution of a paper and subscribing one's name as a witness to that fact." *White* v. *Magarahan,* 87 *Ga.* 217, 219 (13 S. E. 509). The fact that the Code uses the two terms "attested" and "subscribed" carries no special significance. *Slade* v. *Slade,* 155 *Ga.* 851 (118 S. E. 645). Hardie signed his name at the end of the body of the will as a "witness," apparently with the intention of bearing witness to the fact that he saw it properly executed. If he signed in the presence of the testator, he did all that is required of a witness to a will; and there is evidence in the record indicating that he signed in the presence of the testator. Doubtless Hardie would not have been called to witness the will except for the fact that it was necessary for the testator to sign by making his mark. But even though Hardie was called upon under the mistaken belief that an additional witness was necessary under these circumstances, this is no reason why he should not be produced as a witness upon the probate of the will. A note is valid without a witness; but if a note is witnessed, the witness should be produced to prove the execution of the note. Code, § 38-706. The Code specifically provides that all the witnesses to a will must be produced, if they are living and within the jurisdiction of the court. The propounder having failed

to fulfill this mandate of the statute, it was error to overrule the caveators' motion for a new trial.

One of the grounds of the caveat was undue influence, but no evidence was introduced in support of this ground. The judge in his charge read the caveat to the jury, and stated that one of the contentions of the caveators was that the will was the result of undue influence. Another ground assigned error upon this portion of the charge, it being contended that since there was no evidence of undue influence a charge on this subject was error and tended to mislead and confuse the jury. While it is error to charge that undue influence is one of the issues in the case, where there is no evidence to support this ground of the caveat (*Woodson* v. *Holmes*, 117 *Ga.* 19 (3), 43 S. E. 467; *Crutchfield* v. *McCallie*, 188 *Ga.* 833, 5 S. E. 2d, 33; *Smoot* v. *Alexander*, 192 *Ga.* 684, 16 S. E. 2d, 544), yet this is not such an error as would require a reversal at the instance of the caveators; for it gave them the benefit of an issue to which they were not entitled. However, since the case must go back for a new trial, we have deemed it best to call attention to this error. The other grounds of the motion for a new trial are without merit.

*Judgment reversed. All the Justices concur.*