ORR, executor, *v.* BLALOCK *et al.*

No. 14528.   MAY 7, 1943.

*O. J. Coogler* and *J. O. Futral,* for plaintiff in error.

*H. A. Allen,* contra.

DUCKWORTH, J. ■ The third special ground excepts to the charge submitting the question of undue influence. It is contended that there was no evidence to warrant a finding of undue influence, and that hence it was error to charge on this question. It is reversible error to´ charge on undue influence when there is no evidence to show that undue influence was exerted upon a testator, resulting in his making the will. *Martin* v. *Martin,* 185 *Ga.* 349 (195 S. E. 159); *Crutchfield* v. *McCallie,* 188 *Ga.* 833, 839 (5 S. E. 2d, 33); *Thompson* v. *Mitchell,* 192 *Ga.* 750 (16 S. E. 2d, 540); *Bloodworth* v. *McCook,* 193 *Ga.* 53 (2) (17 S. E. 2d, 73). Evidence which does no more than show opportunity to influence falls short of "undue influence" as defined in the Code, § 113-208, and in *Martin* v. *Martin,* and *Crutchfield* v. *McCallie,* supra. Here the caveat alleges that the will is the result of undue influence exerted upon the testator by Mr. and Mrs. Lasseter and P. H. Orr Sr. The only evidence offered to sustain this ground is that of the witness Camp, who testified, with reference to the Lasseters, that they went to the home of the testator in August before his wife died in October; that he and his family were living with the testator at the time; that "after they moved in they were very solicitous toward Mr. and Mrs. Camp, and they would run around and wait on Uncle Edgar, and have the little girl kiss him before he went to bed. They hovered over him at his bed, but they did not do much for him, and my aunt waited on him all the time when she could, and they had a negro man to do all the heavy work around the sick-room. My aunt paid him; the Lasseters did not have anything to do with paying him. After my aunt died my family and I stayed there two months. After my aunt died, with reference to their attitude toward Mr. Camp

—they took complete charge. If I would walk in the room it would be either one or three of them in there. They always hovered around and noticed that neither me nor my wife were in the room by ourselves, and they wouldn't let any of his old friends see him if they could posssibly help it, especially talk with him." This testimony related to conduct more than two years before the will was executed; but if it had been at the time, there is nothing to show undue influence. Had the testator been influenced thereby, it would not have invalidated his will, since it was neither improper nor undue influence. *Boland* v. *Aycock,* 191 *Ga.* 327 (12 S. E. 2d, 319). The charge was not authorized by the evidence.

■ The second special ground complains because the court excluded the testimony of a witness for the propounder, Mrs. Lasseter, that she hated to say, but the feeling between the testator and the caveators' witness, Otis Camp, was quite bad. Otis Camp testified for the caveators that when he saw the testator on the day the will had been executed the testator did not recognize him and did not speak to him, and he denied that the testator was unfriendly toward him because he testified against the testator in 1940. The rejected evidence was admissible to explain why the testator did not speak to the witness, and to impeach him as to the feeling existing between them. Code, § 38-1802. It was error to exclude this testimony.

■ The first special ground excepts to the allowance in evidence of two deeds from the testator to devisees in the will, conveying lands and reciting consideration of $10 and love and affection. The deeds had no relevancy. There was no evidence of undue influence, which is a prerequisite to the allowance of this evidence on that issue. The evidence was prejudicial, and should have been repelled. Code, § 113-106.

■ The evidence on another trial might not be the same. But in order that useless waste of time may be avoided, we will now rule on the general grounds. The evidence is insufficient to show lack of testamentary capacity. *Peavey* v. *Crawford,* 182 *Ga.* 782 (187 S. E. 13, 107 A. L. R. 828) ; *Griffin* v. *Barrett,* 183 *Ga.* 152 (187 S. E. 828) ; *Hill* v. *Deal,* 185 *Ga.* 42 (193 S. E. 858) ; *Thompson* v. *Mitchell,* 192 *Ga.* 750 (16 S. E. 2d, 540) ; *Scott* v. *Gibson,* 194 *Ga.* 503 (22 S. E. 2d, 51) ; Code, §§ 113-202, 113-204, 113-205. There was no attempt to prove that the testator had been made

to believe that the caveators were unfriendly to him by any representation, false or otherwise, by devisees or any other persons.

*Judgment reversed.   All the Justices concur.*