## 20272. KELLAR et al. v. EDWARDS.

Wyatt, Presiding Justice. Catherine Kellar Edwards brought her petition in the Court of Ordinary of Pickens County, seeking to probate in solemn form the will of George W. Kellar. To this petition, Frank K. Kellar, Bonnie Kellar Smith, Earnest Kellar, George Kellar, and Fred Kellar, all of whom are heirs at law of George W. Kellar, filed their caveat. In the caveat it was alleged: that, at the time the will was made, the testator was not of sound and disposing mind and memory; that the execution of the will was procured by the exercise of undue influence upon the testator by the propounder of the will; that the propounder occupied a confidential relationship to the testator by reason of the fact that the propounder was the sister of the deceased with whom he lived; and that the testator was under her direction and control. The court of ordinary found in favor of the will and admitted it to probate. Upon appeal to the superior court, a trial before a jury resulted in a finding in favor of the will, and a judgment was entered in accordance with the verdict. A motion for new trial was denied. The exception here is to that judgment. *Held:*

The only question argued by counsel for the plaintiff in error and the only question for decision by this court is whether or not it was error for the judge of the court below to refuse to submit to the jury the question of whether or not undue influence was exercised upon the testator to procure the execution of the will in question, and whether or not it was error to refuse to charge the jury the law with reference to undue influence in procuring the execution of a will. Without here setting out all of the evidence in this rather lengthy record, it is sufficient to say that there was no evidence that undue influence was used to procure the execution of this will. The uncontradicted testimony of the propounder was that she never at any time told the testator what disposition of his property or what sort of a will he should make. It was also uncontradicted that, at the time the will was drafted and executed, the testator was in the office of an attorney with the attorney and a secretary, and that the propounder was in the office of a partner of said attorney discussing another matter. While it may be true that the jury would have been authorized to find that the testator was such a person as would have been

susceptible to undue influence exercised by the propounder, there was no evidence that any undue influence was in fact exercised. "Evidence which does no more than show opportunity to influence falls short of 'undue influence' as defined in the Code, § 113-208 . . ." *Orr* v. *Blalock,* 195 *Ga.* 863, 866 (25 S. E. 2d 668). See also *Bailey* v. *Bailey,* 204 *Ga.* 556 (50 S. E. 2d 617), a case in which the facts are very similar to those appearing in the instant case, where a full discussion as to what is required to show undue influence under Code § 113-208 will be found, and where it was held that the facts there appearing demanded a finding upholding the validity of the will. Therefore, considering all the evidence appearing in this case and all the circumstances referred to by the plaintiff in error and relied upon to show that undue influence might be inferred or presumed, it is apparent that no issue as to undue influence was made by the evidence, and it was not error to refuse to submit this question to the jury and to refuse to charge the law relating to undue influence.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 10, 1958—DECIDED JANUARY 12, 1959.

*Roscoe Pickett, W. Hayes Pickett, Frank Lawson,* for plaintiffs in error.

*John S. Wood, William Butt, Herman J. Spence,* contra.