23090. FOSTER et al. v. TANNER, Executor.

SUBMITTED SEPTEMBER 14, 1965—DECIDED OCTOBER 7, 1965.

*Cheeley & Merritt, Joseph E. Cheeley,* for plaintiffs in error. *Stark & Stark, Hope D. Stark, Homer M. Stark,* contra.

ALMAND, Justice. This case began when application was made to probate in solemn form the will and codicil of Josan Geia. Probate was ordered and a caveat to the will was filed by Mrs. Sylvia Porter and others. The case was tried in the Superior Court of Gwinnett County and a verdict was returned in favor of the propounders. The exception here is to the overruling of the caveators' amended motion for a new trial.

In substance, the will of the testator left all of his property to two of his children and one of his grandchildren. Nothing was left to the testator's other children and grandchildren. The codicil to the will affirmed the bequests made in the will and stated that those omitted from the will were omitted intentionally. The caveat to the will was filed on the grounds (1) that at the time the will was executed the testator did not possess the mental capacity to make a will and (2) that the will and codicil were the products of monomania.

The amended motion for new trial consists of the general grounds and four special grounds.

■ The general grounds are not meritorious. There is evidence to support the allegations of the caveat. However, there is also testimony by the witnesses to the will and codicil that the testator was of sound and disposing mind and memory at the time these instruments were executed. This was evidence

404

from which the jury could find that the testator had sufficient mental capacity to make the will and codicil. The evidence being in conflict, it was not error to overrule the general grounds of the amended motion.

■ Error is assigned because the court refused to give the following charge: "I charge you that a testator, by his will, may make any disposition of his property not inconsistent with the laws or contrary to the policy of the State; he may bequeath his entire estate to strangers, to the exclusion of his wife and children, but in such case the will should be closely scrutinized, and, upon the slightest evidence of aberration of intellect, probate should be refused." The court's action was proper. This charge was not applicable to the facts in this case. The undisputed evidence shows that the entire estate was not left to strangers, but was left to two of the testator's children and one of his grandchildren.

■ Error is assigned on the ground that the following charge was misleading and confusing to the jury: "As stated to you, the objectors or caveators contend that he did not have sufficient mental capacity to make this will, and as stated to you in the beginning, the burden is upon them to prove by a preponderance of the evidence that such mental capacity did not exist at the time, either at the time of the execution of the will or the codicil. If you should find by a preponderance of the evidence that such capacity did not exist in Mr. Geia, that he did not have the testamentary capacity to execute the will or codicil, then you would be authorized to return a verdict in favor of the caveators. Let me modify that, Lady and Gentlemen, if he had sufficient capacity, if you find by a preponderance of the evidence that he did not have sufficient capacity to execute the will at the time the will, first instrument of writing, then you must determine also whether or not he had sufficient mental and testamentary capacity to execute the codicil at the time the codicil was executed." In one place the jury is instructed to return a verdict in favor of the caveators if they find that the testator did not have sufficient mental capacity at the execution of either the will or codicil. Later in the charge the jury is instructed to find for the caveators only if they find that both will and codicil were executed without the proper testamentary capacity.

Under the facts in this case, for reasons enumerated in Division 5, the jury would have been authorized to return a verdict for the propounders if they found that the testator had testamentary capacity when either the will or codicil was executed. Thus the charge was favorable to the caveators and they were not injured thereby.

■ The following charge is challenged on the ground that it is not sound as an abstract principle of law: "The mere dislike of certain persons, or ill feeling toward them, causing their exclusion from a will, does not involve monomania. Monomania exists whenever a person conceives something to exist which has no existence whatever, and is incapable of being permanently reasoned out of that conception." There is no merit in this ground. The charge is sound as an abstract principle of law. See *Stephens v. Bonner*, 174 Ga. 128 (6) (162 SE 383); *Brumbelow v. Hopkins*, 197 Ga. 247 (1) (29 SE2d 42) and *Bowman v. Bowman*, 205 Ga. 796 (5) (55 SE2d 298).

■ In the final ground error is assigned on the following charge: "Now, Lady and Gentlemen, the issue that is involved here is boiled down to one question, and one question alone. And the only thing that it is necessary for you to determine in deciding the case is whether or not the deceased, Josan Geia or Joseph Ingoglia, at the time of the execution of his will or at the time of the execution of his codicil had sufficient mental capacity to make the will."

(a) The first objection to the charge is that it is not sound as an abstract principle of law. The charge is correct. The codicil simply reaffirms the dispositions made in the will. If the codicil is void, the will is still valid, and a verdict would be authorized in favor of the propounders. On the other hand, if the will is void for lack of testamentary capacity, and the codicil is valid, a verdict would still be authorized in favor of the propounders because "a will which was invalid as originally executed for want of testamentary capacity is republished and validated by the execution of a codicil thereto by the testator at a time when he had testamentary capacity." 21 ALR2d 830 and cases there cited. See also *Burge v. Hamilton*, 72 Ga. 568 (2) and 57 Am. Jur. 429, § 628. The jury were authorized to return a verdict in favor of the propounders if they found that either

the will or the codicil was valid—and this is exactly what they were instructed to do in the challenged charge.

(b) The testator was an Italian immigrant who lived in New York until 1941 under the name of Joseph Ingoglia. In that year he moved to Lawrenceville, Ga., and assumed the name of Josan Geia. The undisputed evidence was that Joseph Ingoglia and Josan Geia were the same person. The charge is attacked on the ground that Josan Geia was a fictitious person and could not bind the estate of Joseph Ingoglia and that there was nothing to indicate that the will offered for probate was the will of Joseph Ingoglia.

Dealing with the last contention first, there was evidence that the will offered for probate signed by Josan Geia was the will of Joseph Ingoglia since the undisputed evidence was that the testator used both names and that the two different names designated the same person, that person being the testator.

The rule is that "the use of any signature intended by the testator to authenicate the instrument renders the will sufficiently signed by the testator." 57 Am. Jur. 201, § 244. See also 94 CJS 971, § 171. Under this rule, the other contention, that Josan Geia was a fictitious person and could not bind the estate of Joseph Ingoglia, is not valid. See also Ripoll v. Morina, 12 Rob. (La.) 552, where a will signed in an assumed name was held to be valid.

The charge was not erroneous for any of the reasons assigned.

The court did not err in overruling the amended motion for new trial.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*