## 23366. LANE v. LANE.

DUCKWORTH, Chief Justice. Where, as here, the will being probated in solemn form contains an attestation clause with three witnesses' signatures thereon, and it is shown that one of these witnesses is deceased, the whereabouts of another is unknown, and the third testifies that he was asked by the testator to be a witness but did not see the others sign nor the testator execute the will because he was called out of the room just before the signing, but he did sign after the others when he returned to the room but the testator had then gone out of the room, but thereafter the testator thanked him for witnessing his will, that in his opinion from having seen their signatures and the circumstances surrounding the incident he believes the signatures are genuine, under the existing law requiring only two witnesses (Ga. L. 1958, pp. 657, 673; *Code Ann. Ch.* 113-3)—whether or not this witness was a witness to the will by the acknowledgment of the testator that this was his will—, there was sufficient evidence to authorize the will to be probated. Since there is no other testimony attacking the attestation or rebutting the presump-

tion of proper attestation—there being other testimony that the signatures are genuine—the court did not err in directing the verdict in favor of the propounder. None of the errors enumerated, such as a denial of a motion for new trial or judgment notwithstanding the verdict in favor of the caveator is meritorious. *Shewmake v. Shewmake,* 144 Ga. 801 (87 SE 1046); *Thornton v. Hulme,* 218 Ga. 480 (128 SE2d 744). And nothing said by this court in *Bloodworth v. McCook,* 192 Ga. 53 (17 SE2d 73), is in conflict with this decision or requires a different result from the above since all persons who signed on the will as alleged witnesses have been called or accounted for by the testimony here.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 14, 1966—DECIDED FEBRUARY 23, 1966.

*J. Willis Conger, Conger & Conger,* for appellant.
*J. A. Drake,* for appellee.
*Miller & Kirbo, Bruce W. Kirbo,* for party at interest not party to record.