### 35645. MITCHELL et al. v. MITCHELL.

NICHOLS, Chief Justice.

The single question presented is whether or not the will was validly executed.

The probate court found the following as facts: The testator, Charlie Monroe Mitchell, made his mark unassisted. The words "his mark" above the "X" and the signature "Charlie Monroe Mitchell" below the "X" were made by the witness Walter Bolling, Jr., while the testator had his hand placed on the top of the pen. The testator had a limited education, was reluctant to do much signing, and signed on some occasions using an "X" whereas on other occasions he would sign "C. R. Mitchell." His use of the initial "R" instead of the correct initial "M" is left unexplained in the record. He could write the words "Dalton," "route," "Joe," "Hubert," "Cecile," "Ethel," "Dear" and the months of the year.

1. Code Ann. § 113-301 mandates that all wills except nuncupative wills shall have been "signed by the party making the same or by some other person in his presence and by his express direction." "Signature . . . includes the mark of an illiterate or infirm person." Code Ann. § 102-103.

If the testator had signed "C. R. Mitchell," no valid objection could have been advanced based upon the fact that his legal name was "Charlie Monroe Mitchell" because a testator may sign using any name or signature intended to authenticate an instrument as his will. *Foster v. Tanner*, 221 Ga. 402, 406 (144 SE2d 775) (1965). Because the testator chose on the occasion of the execution of his will to authenticate his will by applying his "X" rather than by applying his chosen name or form of signature, his custom having been to use from time to time either the one form or the other, should this court hold that his ability to

write a few names and words precludes his being "illiterate" within the meaning of Code Ann. § 102-103 and, accordingly, that the instrument he was attempting to authenticate as his will is not "signed" within the meaning of Code Ann. § 113-301? The question is answered in the negative. See *Neill v. Hill*, 32 Ga. App. 381, 382 (2) (123 SE 30) (1924); 80 CJS 1289, Signatures, § 4a. The testator was "illiterate" within the meaning of Code Ann. § 102-103 although he was capable of signing "C. R. Mitchell," an assumed name, and of writing a few more words of the English language. His "X" mark thus was his "signature" within the meaning of Code Ann. § 102-103, and his having affixed it to the instrument intended as his will caused the instrument to be "signed" within the meaning of Code Ann. § 113-301. The question of whether or not an inverse reading of Code Ann. § 102-103 precludes a literate person from adopting an "X" as his signature is not squarely presented in this case. See McConaughey, Ga. Handbook on Wills, p. 38; 1 Redfearn, Wills and Administration in Georgia 129, § 67 (4th Ed.).

2. Additionally, the act of the subscribing witness Walter Bolling, Jr., in signing the full legal name of the testator under the testator's mark while the testator's hand was placed on the top of the pen suffices to establish that the instrument was "signed . . . by some other person in his presence and by his express direction" within the meaning of Code Ann. § 113-301, albeit that the testator may not have verbally requested Mr. Bolling to sign in his behalf. The "express direction" required by the section may be by express conduct as well as by express words. The testator's hand resting upon the pen while it was being manipulated to produce the signature "Charlie Monroe Mitchell" constituted the testator's "express direction" within the meaning of Code Ann. § 113-301. *Crutchfield v. McCallie*, 188 Ga. 833, 840 (5 SE2d 33) (1939).

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 30, 1979 — DECIDED FEBRUARY 20, 1980.

*William Earl Glisson*, for appellants.

*Walter Bolling,* for appellee.