60983. COBB v. GARNER et al.

CARLEY, Judge.

In 1962 appellee and Ronald Garner were married. In April of 1976 they were divorced. On August 15, 1977, Garner made a written request of American Amicable Life Insurance Company to change the beneficiary of his life insurance policy from appellee to the appellant, his mother. The insurer approved Garner's change of beneficiary request on August 19, 1977. In January of 1978 Garner and appellee remarried and were again divorced in December of the same year. On February 7, 1979, Garner committed suicide.

The insurer, alleging that there were multiple claims to the proceeds of Garner's life insurance policy, brought the instant interpleader action, naming several defendants, including appellee and appellant. The insurer tendered the amount of the insurance proceeds into the registry of the court and was dismissed from the case. On motion by appellant all parties with exception of herself and appellee were dropped from the action. The case proceeded to trial with appellee, who contended that the change of beneficiary should be set aside because of Garner's mental incapacity and appellant's undue influence, having the burden of proof. The jury returned a verdict finding in favor of appellee. Judgment was entered awarding appellee the life insurance proceeds and appellant appeals.

1. At the close of the evidence appellant moved for directed verdict on the issues of Garner's contractual capacity and undue influence. Error is enumerated upon the denial of her motion.

If there is any evidence to support a finding of Garner's mental incapacity or appellant's exercise of undue influence over him, this court will not reverse the denial of the motion for directed verdict. *Speir v. Williams,* 146 Ga. App. 880 (247 SE2d 549) (1978). Turning

first to the question of contractual capacity, this issue "is to be determined by the condition of [Garner's] mind at the time the [change of beneficiary form] was executed [Cits.]; but, in determining such an issue, it is permissible to receive and consider evidence as to the state of [Garner's] mind for a *reasonable period* both before and after the transaction under investigation . . ." (Emphasis supplied.) *Pantone v. Pantone,* 206 Ga. 305, 311 (57 SE2d 77) (1950). Applying this standard in the instant case, suffice it to say that while counsel and the court were very liberal in the interpretation of what was a "reasonable period" encompassing the critical date of August 15, 1977, the evidence concerning Garner's mental capacity was in conflict and we cannot say that a verdict finding the lack of contractual capacity would be without any evidence to support it. *Wood v. State Farm Life Ins. Co.,* 146 Ga. App. 186 (245 SE2d 876) (1978). It was not error to deny the motion for directed verdict as to this ground.

However, we find no evidence whatsoever which would authorize a verdict for appellee on the theory that appellant exercised undue influence over Garner. " 'Undue influence which overturns an otherwise legal contract is the exercise of sufficient control over the person, the validity of whose act is brought in question, to destroy his free agency and constrain him to do what he would not have done if such control had not been exercised. . .' " *Burroughs v. Reed,* 150 Ga. 724 (1) (105 SE 290) (1920). The evidence on this issue showed only that Garner changed his beneficiary to appellant at a time when he was divorced from appellee and estranged by reasons of his bizarre and abusive behavior from his family. See *Edenfield v. Boyd,* 143 Ga. 95 (84 SE 436) (1914). The evidence concerning appellant's relationship with her only son during this period is that they were close, and that she occasionally furnished and drank beer with him even though she knew he was on medication. There is, however, *no* evidence that appellant ever took advantage of her son's mental or physical condition to unduly influence any of his decisions — including that to change his beneficiary from his ex-wife to his mother. Thus while the evidence may support a finding that Garner lacked the mental capacity to change his beneficiary and that he was such a person as would have been susceptible to undue influence and that appellant may have had the opportunity to unduly influence him, there is no evidence that any undue influence was exercised by appellant in this or any other matter. See *Kellar v. Edwards,* 214 Ga. 633 (106 SE2d 787) (1959). See also *Brumbelow v. Hopkins,* 197 Ga. 247 (29 SE2d 42) (1944). It was, therefore, error to fail to grant appellant's motion for directed verdict as to this issue and to submit the case to the jury on the "undue influence" theory. We cannot say

that this error was harmless. The jury returned a general verdict for appellee and this court cannot determine whether that verdict was entered on a proper basis — lack of mental capacity — or an improper one — undue influence. See *Ga. Power Co. v. Busbin,* 242 Ga. 612, 616 (8) (250 SE2d 442) (1978). Accordingly, the judgment must be reversed. See generally *Seaboard A. L. R. Co. v. Smith,* 3 Ga. App. 1, 3 (2) (59 SE 199) (1907).

2. It was error to admit into evidence a certified copy of a mere accusation charging Garner with public drunkenness. *Shirey v. Woods,* 118 Ga. App. 851 (1) (165 SE2d 891) (1968). It was also error to admit testimony that Garner was found guilty of driving under the influence. " 'The rule supported by the great weight of authority is to the effect that a judgment of conviction or acquittal rendered in a criminal prosecution cannot be given in evidence in a purely civil action, to establish the truth of the facts on which it was rendered.' [Cits.]" *Padgett v. Williams,* 82 Ga. App. 509, 513 (61 SE2d 676) (1950).

3. Error is enumerated in the admission into evidence of two pleas of guilty by Garner to charges of driving under the influence. "The rule, as to parties to a suit, is that . . . a plea of guilty may be shown as an admission against interest. [Cits.] Admissions by persons not a party to an action however are admissible in evidence only where the party making the admission is the real party in interest, although not a party to the record, or where a party to the record refers another to such third party for information, or where there is an admission by a third person against his interest as to a fact collateral to the main issue between the litigants but essential to the adjudication of the cause. [Cits.]" *Akin v. Randolph Motors,* 95 Ga. App. 841, 848 (99 SE2d 358) (1957). Appellee contends that Garner's guilty pleas were admissible under the third exception — admissions as to a fact collateral to the main issue between the litigants but essential to the adjudication of the cause. Code Ann. § 38-405 (2). We do not agree. The main issue in the case was Garner's mental capacity to contract and appellee's exercise of undue influence over him. Garner's guilty pleas were not offered to prove any fact "collateral" to these issues but, rather, for their bearing on these issues. *Lewis v. American Road Ins. Co.,* 119 Ga. App. 507 (167 SE2d 729) (1969). Compare *Hadden v. Owens,* 154 Ga. App. 467 (268 SE2d 760) (1980). Nor can it be said in truth that Garner's "admission" that he drove a vehicle on two occasions in the summer and fall of 1976 while under the influence is "essential" to the adjudication of whether he was mentally incapacitated or under appellant's undue influence in August of 1977. See generally *Chestnut v. Weekes,* 183 Ga. 367, 372 (5) (188 SE 714) (1936); *Orr v. Blalock,* 195 Ga. 863, 867 (3) (25

SE2d 668) (1943). Compare *Hadden v. Owens,* 154 Ga. App. 467, supra.

Nor do we believe the pleas were otherwise admissible under Code Ann. § 38-309. Standing alone the mere fact that Garner was intoxicated and drove a vehicle on two occasions in 1976 has no relevancy whatever on the issue of his mental capacity to contract or whether he was under appellant's undue influence when he changed his beneficiary in August of 1977. See *Wheat v. Montgomery,* 130 Ga. App. 202, 205 (7) (202 SE2d 664) (1973). Compare *McKaig v. Hardy,* 196 Ga. 582 (27 SE2d 11) (1943). This evidence had no relevancy whatsoever to the issues and served only to prejudice the jury and should have been excluded. See generally *Isley v. Little,* 219 Ga. 23, 26 (4) (131 SE2d 623) (1963). Nor does the transcript support appellees' argument that the guilty pleas were admissible because they "impeached" appellant's testimony. See generally *Mendel v. Converse & Co.,* 30 Ga. App. 549, 558 (37) (118 SE 586) (1923).

4. We find no error in the refusal to give appellant's request to charge on mental capacity to contract. The request was argumentative whereas the charge as given stated the applicable principles fairly and fully.

5. Other enumerations of error have been considered and are found to be either meritless or unlikely to recur at the new trial and are, therefore, not addressed.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MARCH 13, 1981 — REHEARING DENIED MARCH 24, 1981 —

*Clinton J. Morgan,* for appellant.
*Joseph N. Anderson,* for appellees.