728 P.2d 661

### In the Matter of the ESTATE OF Byron IVANCOVICH, Deceased.

#### No. 2 CA-CIV 5588.

Court of Appeals of Arizona, Division 2, Department A.

June 9, 1986.

Review Denied Nov. 12, 1986.

William Lee McLane, Phoenix and Jack J. Rappeport, Tucson, for appellant.

Bilby & Shoenhair, P.C. by Michael J. Rusing, Tucson, for appellee Valley Nat. Bank as Personal Representative of the Estate of Byron Ivancovich.

Waterfall, Economidis, Hanshaw & Villamana, P.C. by A. Alan Hanshaw and Sandra Tedlock, Tucson, for appellee Sisters of St. Joseph.

Mesch, Clark & Rothschild, P.C. by J. Emery Barker, Tucson, for appellee Young Men's Christian Ass'n of Tucson.

DeConcini, McDonald, Brammer, Yetwin & Lacy, P.C. by Robert M. Struse, Tucson, for appellee Franciscan Fathers.

## OPINION

HOWARD, Presiding Judge.

This is an appeal from a summary judgment denying the decedent's widow a share of his estate.

A.R.S. § 14–2301(A) provides:

"If a testator fails to provide by will for his surviving spouse who married the testator after the execution of the will, the omitted spouse shall receive the same share of the estate he would have received if the decedent left no will unless it appears from the will that the omission was intentional or the testator provided for the spouse by transfer outside the will and the intent that the transfer be in lieu of a testamentary provision is shown by statements of the testator or from the amount of the transfer or other evidence...."

The determinative issue in this case is whether the will of the deceased was executed before or after the marriage to his widow, Janice.

Byron Ivancovich was divorced from his first wife in 1973. On October 12, 1973, following this divorce, Byron executed a holographic will leaving virtually all of his estate to various charities. On June 16, 1983, Byron married a 51 year-old woman with whom he had been acquainted for approximately six years. She lived in Scottsdale. Following the wedding ceremony, the newlyweds appeared before a notary public and executed a post-nuptial agreement wherein each party was to retain control over property which he or she owned or obtained either before or after the marriage.[1]

During their marriage Janice and Byron neither lived nor traveled together. She lived in Scottsdale and 80 year-old Byron lived in Tucson. Byron did send her a monthly allowance. On December 27, 1983, Byron executed a codicil to his holographic will. Under the codicil Janice was to receive Byron's residence and $100,000. In August 1984, Byron revoked the codicil, and destroyed it because he wanted to omit Janice from his will. He also stopped sending her the monthly allowance. On December 14, 1984, Byron died.

What was the effect of the codicil? The answer to this question is elementary. It republished the original will and made it speak from the new date. *Estate of Nielson,* 105 Cal.App.3d 796, 165 Cal.Rptr. 319 (1980); *Citizens and Southern National Bank v. Martin,* 244 Ga. 522, 260 S.E.2d 901 (1979); *Jackson v. Thompson,* 610 S.W.2d 519 (Tex.Civ.App.1980); 95 C.J.S.

---

1. Appellees contend that appellant waived any rights to the estate by virtue of this agreement.

We need not decide the issue in view of our disposition of this case.

**444**

Wills § 303 (1957). Therefore, a post-marriage codicil to a pre-marriage will has the effect of rendering inapplicable the rights granted to a surviving spouse by an omitted spouse statute. *Will of Marinus,* 201 N.J.Super. 329, 493 A.2d 44 (1985).

 The purpose of the omitted spouse statute is to assure that the decedent considered the surviving spouse when he made his will. *Estate of Beauchamp,* 115 Ariz. 219, 564 P.2d 908 (App.1977). Byron clearly did consider Janice when he executed the codicil since he included her as a legatee and devisee. For the purposes of A.R.S. § 14–2301, Byron's will was executed on December 27, 1983 after his marriage to Janice. Byron thereafter revoked the codicil by destroying it. Contrary to appellant's contention, such destruction did not revoke the entire will. A.R.S. § 14–2507 provides that a will or any part thereof is revoked by destruction if it is done with the intent of revoking it. The codicil was revoked but not the will.

 Appellant contends that the codicil was not duly executed as a self-proved will under A.R.S. § 14–2504. We have examined the document and do not agree with this argument. Appellant also contends that the codicil cannot be considered as having once been valid without probating it. We do not agree. A revoked codicil is not subject to the probate process.

Since this action did not arise out of a contract express or implied, we deny appellee's request for attorney's fees pursuant to A.R.S. § 12–341.01.

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.